UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH HICKS, Plaintiff,

v. Civil Action No. 3:17-cv-251-DJH-CHL

RICHARD F. SMITH, et al., Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Joseph Hicks alleges various violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., by Defendants Richard F. Smith and Equifax Information Services LLC. (Docket No. 1) Before the Court are three motions filed by Hicks: (i) a motion for summary judgment (D.N. 27); (ii) a motion requesting that the Court deny defense counsel's motion to appear pro hac vice (D.N. 39); and (iii) a motion to admit "Exhibit Y" to Hicks's list of exhibits (D.N. 40). For the reasons set forth below, the Court will deny without prejudice Hicks's motion for summary judgment. The Court will deny Hicks's other pending motions.

**I.**

Hicks filed this lawsuit on April 21, 2017. (D.N. 1) On the same day, Hicks moved for summary judgment on his claims. (D.N. 4) The motion was premature and defective because it did not comply with Local Rule 7.1(e), as Hicks failed to submit a proposed order with the motion. (*See* D.N. 5) Hicks then filed a second motion for summary judgment (D.N. 27), as well as motions to amend his complaint. (D.N. 26; D.N. 28) The Court denied the first summary-judgment motion as moot (D.N. 37), upon Hicks's request to terminate his "redundant" motions. (*See* D.N. 35) The Court also granted Hicks's motions to amend his complaint. (D.N. 41) Hicks has now filed a motion that asks the Court to deny Defendants' motion to allow

attorney Norman Charles Campbell to appear pro hac vice. (D.N. 39) Hicks also moves to admit "Exhibit Y" to his list of exhibits, presumably for purposes of summary judgment. (D.N. 40)

**II.**

The Court's discussion of the pending motions will be brief, as Hicks's motion for summary judgment is deficient and his other two motions are moot. As an initial matter, Hicks filed his motion asking the Court to deny Defendants' motion to appear pro hac vice after this Court had already granted Defendants' motion in accordance with L.R. 83.2. (D.N. 36) Indeed, the Defendants' motion to appear pro hac vice was appropriate and thus Hicks's motion is meritless. (*See id.*) The Court will accordingly deny Hicks's motion as moot.

The Court will also deny Hicks's motion for summary judgment. This motion suffers from several deficiencies. First, Hicks has again failed to comply with L.R. 7.1(e) by not attaching a proposed order to his motion. Indeed, the motion fails to comply with L.R. 7.1 in several respects, since it fails to "state with particularity the grounds for the motion, the relief sought, and the legal argument necessary to support it." (*See* D.N. 27) The motion merely parrots the allegations set forth in Hicks's amended complaint in a conclusory fashion with little to no legal argument involved. (*See* D.N. 27; D.N. 42) This is insufficient. *See Voytko v. Consol. Rail Corp.*, No. 94-4240, 1996 WL 452934, at *2 (6th Cir. Aug. 8, 1996) ("At summary judgment, a Plaintiff must do more than merely repeat the allegations which appear in his complaint.").

Moreover, for several of his claims, Hicks fails to cite to the record in support of summary judgment. For example, in support of his request for summary judgment on Claim 16, Hicks merely states that "Plaintiff stands by claim 16 as written." (D.N. 27, PageID # 214) In

requesting summary judgment as to Claim 26, Hicks notes that his "Experian Credit Report speaks for itself" and thus Equifax "can present no explanation or defense." (*Id.*, PageID # 215) This is insufficient. *Celotex Corp. v. Catrett*, 477 U.S. 317, 328 (1986) (White, J., concurring) ("It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion that the [nonmoving party] has no evidence to prove his case.").

Furthermore, as Equifax notes in its response, "[t]he 'affidavit' attached to [Hicks's motion for summary judgment] fails to qualify as an affidavit because it was not 'written down and sworn by the declarant before an office authorized to administer oaths, such as a notary public.'" (D.N. 31, PageID # 232 (quoting *Smith v. Rees*, No. 5:07CV-P-180-R, 2007 WL 4119031, at *1 (W.D. Ky. Nov. 14, 2007))) The "affidavit" likewise does not qualify as a declaration because Hicks does not state that he is making his statements under penalty of perjury. *See Pollock v. Pollock*, 154 F.3d 601, 611 n.20 (6th Cir. 1998). Thus, any attempt by Hicks to cure the deficiencies of his motion with this "affidavit" is unavailing.

Finally, because Exhibit Y does not fix the deficiencies in Hick's motion for summary judgment, the Court will deny his motion to admit Exhibit Y as moot.

### III.

For the reasons set forth above, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)  Hicks's motion for summary judgment (D.N. 27) is **DENIED** without prejudice.

(2)  Hicks's motion to deny Defendants' motion to appear pro hac vice (D.N. 39) and motion to admit Exhibit Y (D.N. 40) are **DENIED** as moot.

November 22, 2017

**David J. Hale, Judge**
**United States District Court**