UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JOSEPH HICKS,                          )
                                       )
          Plaintiff,                   )        Civil Action No. 3:17-CV-251-CHB
                                       )
v.                                     )
                                       )        **MEMORANDUM OPINION**
RICHARD F. SMITH *et al.*,             )        **AND ORDER**
                                       )
          Defendants.                  )

*** *** *** ***

Several motions are now before the Court which pertain to the second amended complaint (Docket No. 66) filed by *pro se* Plaintiff Joseph Hicks against Defendant Richard F. Smith. These are a motion for default against Defendant Smith (DN 115) filed by Hicks; a motion filed by Defendant Smith to dismiss the claims against him (DN 117); and Hicks's motion for the Court to order service on Defendant Smith by the U.S. Marshal (DN 123). Each will be considered in turn.

**Motion for default**

By prior Order, Hicks's previously filed motion to have service effected by the U.S. Marshals Service ("USMS") in this case was granted (DN 83). *See* Fed. R. Civ. P. 4(c)(3) ("At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court."). The USMS returned the summons for Defendant Smith as executed (DN 95).

Hicks previously moved for default judgment against Defendant Smith (DNs 96 and 109) for his failure to file an answer in this case. Defendant Smith responded (DN 98), arguing that he had not been properly served and that the default judgment motion was procedurally improper because entry of default by the Clerk of Court is a prerequisite to entry of default judgment. By

Order entered July 8, 2019 (DN 111), the Court denied Hicks's motions for default judgment without prejudice because there had been no entry of default by the Clerk of Court, and therefore, the motions were procedurally improper under Fed. R. Civ. P. 55.[1]

It appears that Hicks's current motion (DN 115), titled "Motion for Default Judgment against Richard F. Smith," is an attempt to correct the deficiencies of the prior motion because Hicks simultaneously filed a "Request for Entry of Default against Richard F. Smith" (DN 116). Defendant Smith's response (DN 121) argues that he has not been served properly and that the motion for default judgment is procedurally improper because the entry of default by the Clerk under Rule 55(a) is a prerequisite.

However, even were a default already entered in this case by the Clerk of Court, the entry of default judgment would nevertheless be inappropriate because, as made clear by the motion to dismiss filed by Defendant Smith, Hicks fails to state a claim against Defendant Smith. *See White v. Stotts*, No. 2:11-CV-153, 2011 WL 6941700, at *7 (S.D. Ohio Dec. 6, 2011), *report and recommendation adopted*, No. 2:11-CV-153, 2012 WL 27185 (S.D. Ohio Jan. 4, 2012). "Even if a default has been entered against a party, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Anderson v. Johnson*, No. 98-1931, 1999 WL 1023753, at *2 (6th Cir. Nov. 4, 1999) (citing *Quirindongo Pacheco v. Rolon Morales*, 953 F.2d 15, 16 (1st Cir. 1992)); *see also Quirindongo Pacheco*, 953 F.2d at 16 ("After an entry of default, a court may examine a

---

[1] Because "an entry of default is a prerequisite to a default judgment. Thus, a default judgment cannot be granted until a default is entered by the Clerk." *Ramada Franchise Sys., Inc. v. Baroda Enter., LLC*, 220 F.R.D. 303, 305 (N.D. Ohio 2004); *see also Brown v. Mohr*, No. 2:13-CV-0006, 2015 WL 762813, at *2 (S.D. Ohio Feb. 23, 2015) ("[A]n entry of default is required before a default judgment can be entered." (citation omitted)), *report and recommendation adopted*, No. 2:13-CV-006, 2015 WL 1100740 (S.D. Ohio Mar. 11, 2015).

plaintiff's complaint to determine whether it alleges a cause of action."). Further, decisions based on merits of an action are favored over judgments entered on procedural default, which is a "weapon of last, rather than first, resort." *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981) (per curiam); *see also United Coin Meter Co., Inc. v. Seaboard Coastline RR.*, 705 F.2d 839, 845 (6th Cir. 1983) ("Judgment by default is a drastic step which should be resorted to only in the most extreme cases."). "Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits." *Lee v. Bhd. of Maint. of Way Employees-Burlington N. Sys. Fed'n*, 139 F.R.D. 376, 381 (D. Minn. 1991) (citing 10 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure, § 2682 at 411 (2d ed. 1983)); *see also Stephen[s] v. St. Francis Med. Ctr.*, No. 15-5568 R(JC), 2018 WL 3655659, at *16 (C.D. Cal. June 22, 2018), *report and recommendation adopted*, No. CV 15-5568 R(JC), 2018 WL 3655407 (C.D. Cal. July 30, 2018). Consequently, Hicks's motion for default judgment will be denied.

### Motion to dismiss

The Court now turns to Defendant Smith's motion to dismiss (DE 117). The motion asserts that Defendant Smith has not been served with the summons and amended complaint; that he did not work at Equifax at the time Hicks allegedly attempted service on him; that he did not authorize anyone at that address to accept service on his behalf; and that he has never agreed to waive service. Defendant Smith also argues that the amended complaint fails to state a claim against him.

Although Defendant Smith puts forth cogent arguments as to why he has not been properly served, the Court will focus on his argument that the claim against him must be dismissed for failure to state a claim upon which relief may be granted. This is so because were the Court to find that Defendant Smith has not been properly served the Court would have to consider whether

the USMS should be ordered to perfect service.  However, if in fact Hicks fails to state a claim upon which relief may be granted against Defendant Smith, no further government resources should be expended to perfect service.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The Court may only grant a Rule 12(b)(6) motion to dismiss if the allegations are not "sufficient 'to raise a right to relief above the speculative level,' and to 'state a claim to relief that is plausible on its face.'"  *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In evaluating a Rule 12(b)(6) motion, the Court presumes the truth of all well-pleaded factual assertions.  *Bishop v. Lucent Techs.*, 520 F.3d 516, 519 (6th Cir. 2008).  Moreover, the Court must draw every reasonable inference in favor of the non-moving party.  *Dubay v. Wells*, 506 F.3d 422, 427 (6th Cir. 2007) (citation omitted).  But a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the element of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555).

The second amended complaint alleged violations of the Fair Credit Reporting Act (FCRA) and the Gramm Leach Bliley Act (GBLA), as well as a common law claim for invasion of right to privacy (DN 66).  Defendant Equifax filed a motion for partial dismissal (DN 67).  On review of that motion to dismiss, the Court determined that only Hicks's claims under certain provisions of the FCRA could continue (DN 79).  All other claims were dismissed with prejudice.[2]

---

[2] The Court dismissed the GBLA claim because a private citizen like Hicks has no private right of action under that Act.  The Court dismissed the common-law right-to-privacy claim because Hicks does not allege facts indicating that his personal information was disclosed to the public at large, a necessary element for a right-to-privacy claim.

4

The amended complaint (DN 66) says with regard to Defendant Smith only the following: "in the defendant Smiths' testimony to the United States Congress (Ex. 5), Defendant admits he was clearly responsible for what happened while he was C.E.O. at Equifax."[3] (DN 66, p. 9; 66-17)

An individual defendant, like Defendant Smith, cannot be held liable under the FCRA solely because he is the chief executive officer for the corporate defendant without allegations that the individual participated personally. *See, e.g.*, *Hahn v. Star Bank*, 190 F.3d 708, 714 (6th Cir. 1999) (holding that an employee of a corporation has no personal liability for the torts of the corporation unless the individual personally participated in the challenged actions and dismissing claims under the FCRA against individual defendants because the plaintiff failed to allege such personal participation). Because Hicks makes no allegations of personal participation by Defendant Smith, the FCRA claims against him must be dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Firneno v. Radner Law Grp., PLLC*, No. 2:13-CV-10135, 2016 WL 5899762, at *6 (E.D. Mich. Sept. 28, 2016) (granting motion to dismiss against individuals for FCRA claims where plaintiffs failed to sufficiently allege that the individuals personally participated with the business in the challenged actions); *Sloan v. Trans Union, LLC*, No. 10-10356, 2010 WL 1949621, at *2 (E.D. Mich. Apr. 22, 2010) (citing *Iqbal*, 129 S. Ct. at 1949–50), *report and recommendation adopted*, No. 10-10356, 2010 WL 1949622 (E.D. Mich. May 13, 2010). Consequently, the Court will grant Defendant Smith's motion to dismiss on this basis.[4]

---

[3] Hicks attaches to the amended complaint Smith's prepared testimony before the U.S. House Committee on Energy and Commerce on October 3, 2017, in which Smith refers to himself as the former CEO of Equifax (DN 66-17).

[4] The distinction between a special and a general appearance has been abolished in federal court. *See Burroughs Corp. v. Carsan Leasing Co.*, 99 F.R.D. 528, 531 (D.N.J. 1983) (citation omitted). Thus, although Defendant Smith undertook to appear "specially" to file his motion to dismiss the amended complaint against him, the Court will treat the appearance of Defendant Smith as a general appearance in order to submit a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). *See Griffin v. Abbott*, 68 F.R.D. 241, 242 (E.D. Tenn. 1975).

Case 3:17-cv-00251-CHB-CHL   Document 146   Filed 09/30/20   Page 6 of 6 PageID #: 994

**Motion for service**

Because the Court will grant the motion to dismiss, Hicks's motion for the USMS to serve Defendant Smith is moot.

**CONCLUSION AND ORDER**

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

(1) Hicks's motion for default judgment (DN 115) is **DENIED**.

(2) Defendant Smith's motion to dismiss (DN 117) is **GRANTED in part and denied in part**.  It is **GRANTED with respect to the Rule 12(b)(6) motion to dismiss for failure to state a claim** and is **DENIED in all other respects**.

(3) The Clerk of Court is **DIRECTED** to terminate Defendant Smith as a party to this action.

(4) **IT IS FURTHER ORDERED** that Hicks's motion for service (DN 123) is **DENIED as moot**.

Date: September 30, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc:     Plaintiff, *pro se*
        Counsel of record
A958.009

6