RECEIVED
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CINCINNATI, OHIO

NOV 0 2 2020

Sixth Circuit Case:

Western District of Kentucky
Case # 3:17-cv-00251-CHB-CHL

DEBORAH S. HUNT, Clerk

## PLAINTIFF'S MOTION FOR ENTRY INTO APPEALS COURT

Plaintiff prays the Appeals Court will review and overturn the above case from the Western District of Kentucky.

### PLAINTIFF'S STATEMENT IN SUPPORT OF MOTION

1. Equifax's misuse of Kentucky driver's license as proof of address when FCRA states driver's license use is for reasonable identity proof. Kentucky does not issue a driver's license with a post office box address. District Judge overlooked this.

2. Equifax's "Statement of Material Facts" (Doc. 126, pages 2 and 3, Section II, June 2015 Online Request) contains no issue of material fact, no proof or evidence of any June 2015 request or "security test." Equifax refers to no computer record, document, or recording of any event on the June , 2015, request. There are no facts nor any evidence nor any proof that Plaintiff failed any test. District Judge overlooked this.

3. Ms. Pamela Smith has sworn an oath/declaration with no proof of where she obtained or gained knowledge of any event concerning the June 2015 request. She cannot refer the Court to where or how she learned of the event of June 2015. Her oath lacks merit and is based on hearsay as there is no means by which she could have gained any knowledge of the event of June 2015. (Mr. Mark Begor, current CEO of Equifax, testified before the House of Representatives on February 26, 2019, that Equifax sells six million credit requests per day. That amounts to 7.5 billion requests that have come in since June 2015.) Ms. Smith has no way to distinguish the Plaintiff's request for report of June 2015 from the other 7.5 billion requests that have come in since then.

4. Claims 1, 2, and 3 of the original Complaint and Claim 9 of the Amended Complaint (Exhibits A, C, U) met all requirements for proof under FTC Exhibit "W" for the data needed to obtain a "current credit report." Name, address, DOB, and Social Security number are all that are required for a "current" report.

5. Claim No. 8 of the Amended Complaint (Exhibit Q) met all requirements under 1681b and all requirements on the letter of May 17, 2017 (Exhibit P). This letter is from Equifax's legal department to the Plaintiff. That letter itself was addressed to P.O. Box 66, Fisherville, Kentucky. The Plaintiff met the terms of that letter with a "notarized authorization," and there were no other demands for proof of address or identity in that letter. Equifax failed to respond

with their offer and instead sent Exhibit R, a list for demands of proof of address and identity. District Court overlooked this fact.

6. Equifax did not explain, and District Court did not question, why Equifax had the February 19, 2017, Cabella credit report in their possession on May 17, 2017 (the date of the letter, Exhibit P). And that document disappeared in November during discovery. All documents Equifax has in possession on May 5, 2017, date of the summons' service on Equifax, must be preserved.

7. District Court made three "statements of fact" that were untrue. These statements were not opinion of law and were unnecessary and cast doubt on the plaintiff's claims. (Document 145, p. 2, footnote 4; Document 145, p. 4, footnote 5; Document 145, p. 5, footnote 6.)

8. All of Equifax's demands for proof of ID and address were impossible for Plaintiff to supply. Self-employed persons are barred by Equifax's requirement for a W-2 form. And the Plaintiff has no payroll checks or payroll check stubs to submit under Equifax's demands. Such demands are unreasonable and are not listed in the FCRA as possible documents of proof. Plaintiff sent valid Kentucky driver's license, valid Social Security card, and valid Kentucky Farm Bureau billing receipt. Driver's license and Social Security card were sent on every 1681g request (Exhibits A, C, and U). Also sent on Exhibit U were a Commercial Pilot's license, Kentucky vehicle property tax receipt, and bank statement. District Court ignored these facts and ignored claims concerning Exhibits and Q altogether.

9. 26 USC and the FCRA and the FTC show no income tax documents permissible as proof of ID or address. A request for a W-2 form is unlawful and is in violation of 26 USC and the FCRA.

10. District Court failed to recognize the fact that Equifax has already on file the Plaintiff's name, address, social security number, DOB, and other history, and Exhibits E and E3 show these facts. The FCRA requires that Equifax look to that information on hand already as means of identification and proof of address and identity.

11. Plaintiff had to change his mailing address to meet demand by Equifax in order to use driver's license as address proof. The demand for driver's license as address proof itself is a violation of the FCRA. Even after change of address (Exhibit U) Equifax failed to send Plaintiff's credit report. District Judge failed to even consider these facts concerning Exhibit U.

12. The quotations used, and the failure of certain facts to be recognized, in the District Court's Opinion suggest that the full pleadings of the Plaintiff were never read.

13. Western District Judge (Document 79) failed to allow Plaintiff's Motion concerning Equifax's failure to honor Discovery. The Motion was ignored.

14. Demands for W2, payroll check stubs, and a P.O. Box on driver's license are all impossible demands to meet.

15. Equifax's demands for proof of address and identity are unreasonable, unfair, inconsistent, and unlawful and are violations of 26 USC, FCRA, and FTC Document "W".

16. Exhibit E, a frozen database scan supplied during Discovery, shows only half the information on the February 19, 2017, Cabella credit report. The part that is not shown is the information referred to in Exhibit F, the denial letter from Cabella's. The District Judge ignored this fact.

17. There is financial incentive for Equifax to deny credit report requests. By denying requests that have misinformation, Equifax can avoid the expenses involved in dispute resolution under 1681i. These expenses would be immense due to the fact that Equifax sells six million reports a day, and, at best, twenty percent of these are incorrect and contain misinformation. Equifax makes a profit on every report sold regardless of whether it is correct or incorrect. As a result of the misinformation, damage is done only to the citizens, not to Equifax.

Respectfully submitted,

Joseph Hicks, Plaintiff pro se, Appellant
P.O. Box 66
Fisherville, Kentucky 40023
502-759-5265

UNITED STATES COURT OF APPEALS

Sixth Circuit               FOR THE SIXTH CIRCUIT              Western District of Kentucky
Case#_____              CINCINNATI, OHIO                Case# 3:17-00251-CHB-CHL

### PLAINTIFF'S BRIEF STATEMENT EVENTS LEADING UP TO THIS APPEAL

Plaintiff had no loans of any type from 2005 thru 2016. In August of 2014 Plaintiff sought and received his credit reports from Trans Union and Experian, all was good. In June of 2015 Plaintiff sought his credit report from Equifax, Equifax refused, and Plaintiff sent two letters in July of 2015 seeking his reports. All requests were denied or ignored. In February of 2017, Plaintiff sought credit card from Cabelas Bank. That application was denied, a letter of denial was sent Plaintiff (Exhibit F) stating that all information causing the denial was sent to Cableas by Equifax.

Plaintiff filed a Complaint against Equifax in April 2017, served May 5, 2017. Soon after on May 17, 2017, Plaintiff received a letter from Equifax Legal, offering the Plaintiff the April 2017 credit report as it was sent to Cabelas, that letter is Exhibit P. Under terms in that letter dealing with 15USC 1681b Plaintiff/pro se should have received that copy of offered report. Equifax failed to deliver. Plaintiff made two more letter attempts to obtain that February 2017 report, and his "current credit report". Both attempts were denied by Equifax.

In August of 2017 Plaintiff learned Equifax had lost all the Plaintiff's identity documents that had been sent them in the above mentioned requests for credit reports. These documents were all lost in plaintext form, and are now in the hands of the Communist China Military, and being sold all over the world.

Equifax has not helped or cooperated with the Plaintiff once, in his attempts to obtain his reports and settle disputes. Plaintiff believes Equifax has deliberately and willfully denied the Plaintiff his reports in an effort to hide misinformation on file, and Plaintiff knows for fact the information sent to Cabelas Bank in 2017 was false, and was knowingly sent as such to Cabelas.

Equifax makes no effort to ever correct the Plaintiff's file or even allow the plaintiff to view his own file.

Respectfully  Submitted'

*Joseph Hicks*

Joseph Hicks, Plaintiff pro se/ Appellant

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CINCINNATI, OHIO

Sixth Circuit
Case#_____

Western District
Case 3;17-00251-CHB-CHL

Appellant/Plaintiff's Affidavit Concerning Material Facts, Evidence, and Exhibits.
Comes the Plaintiff as Affiant and swears under oath and penalty of perjury the following;

1. Plaintiff claims are true and accurate and were witnessed by the Plaintiff himself, all letters were written and mailed by Plaintiff. All Exhibits are true and exact copies or originals and none have been altered or deleted except for Court redactions.

2. Plaintiff states the three questions asked of him in June of 2015 by Equifax during an online request for credit report were; (a) Who holds your home mortgage opened in 2013 ? (b) What is the amount of your monthly mortgage payment? (c) Who holds your retail credit card opened in 2009?

3. Plaintiff answered the three questions as follows; (a) Have no home mortgage. (b) Have no mortgage payment. (c) Have no credit cards. Plaintiff had no loans , mortgages, liens or open accounts or debts of any kind from 2005 thru 2016.

4. Plaintiff was told he had failed the above test, and was instructed to send a written request along with copy of drivers' license and social security card. Plaint did send letters Exhibits A and C, both requests were denied by Equifax.

5. The letters Exhibits A and C also disputed any mortgage or credit card account on the Plaintiffs' file, as the test questions led the Plaintiff to believe there may be such accounts wrongfully placed on his credit report.

6. Plaintiff applied for a credit card from Cabelas Bank in February of 2017, that attempt was denied by Cabelas based on information supplied by Equifax. Plaintiff asked for copy of said report in discovery and was sent only part of that report, not the part that caused the denial.

7. Plaintiff had to obtain his February 2017 credit report from Cabelas by subpoena, and did so in November of 2018. The copy recovered shows the false information that caused the denial.

8. Plaintiff received an offer by letter from Equifax in May of 2017 to obtain his copy of the February 2017 credit report. That letter is Exhibit P, that letter makes no request for any type of proof of address or identity, it simply asked for a notarized signature.

9. Plaintiff made two letter attempts in 2017 to obtain the February 2017 Cabela report. Those letters are Exhibits Q and U. In Exhibit U Plaintiff also requested his "current issue" of his credit report under 1681g. All requests were denied or ignored.

10. Plaintiff sent to Equifax, valid driver's license, valid social security card, sent Ky State Farm Bureau Ins. billing statement, FAA Commercial Pilot License, and bank statement.

Affiant, Joseph Hicks

Notary   10/29/20

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CINCINNATI, OHIO

Sixth Circuit Case:

Western District of Kentucky
Case # 3:17-cv-00251-CHB-CHL

## PLAINTIFF'S RESPONSE TO DISTRICT COURT'S OPINION (DOC. 145)

### III Discussion:

**(A) Declaration of Equifax Witness, Pamela Smith.**

Ms. Smith swears under oath to have witnessed the June 2015 online credit report request and the security test involved the same day. Equifax and Ms. Smith claim the Plaintiff failed the security test. Ms. Smith somehow can distinguish the Plaintiff's request from the other 7.5 billion requests that have come in since June 2015. The June 2015 request occurred two years prior to the Federal Complaint being filed. Ms. Smith has no proof of any test failures and no proof of any means by which she could have gained any knowledge about the Plaintiff's request and security test. Equifax and Ms. Smith have no proof the Plaintiff failed any security test. No documents or records were produced during discovery, and no documents or records are mentioned as evidence. No documents or records are mentioned in their listing of material facts from Document 126 (Page 2, Section II).

Plaintiff applied for his credit report online. Plaintiff filled out Equifax's request for personal information, address, and identity. Equifax responded claiming they could not verify such information. (Later, Exhibit E3 was recovered during Discovery, and it shows the information matched what was already in the Plaintiff's file.) Equifax then asked the Plaintiff a three-question security test:

(1) Who holds your home mortgage, opened in 2013?

(2) What is the amount of your monthly mortgage payment?

(3) Who holds your retail credit card opened in 2009?

Plaintiff answered accordingly:

(1) I have no home mortgage

(2) I have no mortgage payment.

(3) I have no credit card.

Plaintiff answered truthfully and accurately, and Equifax claimed the Plaintiff failed the security test. Equifax requested that if the Plaintiff wanted his credit report, he would have to send a written request, along with a copy of his driver's license and Social Security card. Plaintiff had two reasons to be concerned at the time:

(1) Since the test was answered truthfully, Equifax was simply denying the request and making a false claim that the Plaintiff had failed the test, or

1

(2) There was some sort of home mortgage and credit card on the Plaintiff's Equifax file, and, by the Plaintiff's answers not matching the information on file, Equifax presumed the Plaintiff was making a fraudulent attempt to gain access to a credit report.

The Plaintiff responded by sending letters (Exhibit A) requesting his credit report under 1681g and disputing any home mortgage or credit card account. Plaintiff sent a copy of his driver's license and Social Security card "as requested" with the letter. In response to letter Exhibit A, Equifax sent letter Exhibit B, a list of demands for proof of address and identity. Plaintiff then sent letter Exhibit C, another request under 1681g for a credit report and continuing the dispute concerning the mortgage and credit card account. Again, the Plaintiff send a copy of his driver's license and Social Security card as well as an addition proof of address: a Kentucky Farm Bureau billing receipt. Equifax responded with letter Exhibit D, a claim that they did not find a home mortgage or a credit card account on the Plaintiff's file. No credit report was sent to the Plaintiff.

At the time of Exhibit B, the Plaintiff could not supply proof under the terms of their demands. Plaintiff is self-employed, and there are no W2 forms or payroll check stubs for identification. Plaintiff send a copy of a valid Social Security card with its attached stub with an address of P.O. Box 66, Fisherville, Ky. The Social Security card should have been a valid identity document. The driver's license was misused by Equifax for address information when the FCRA states it should be used for identity. Plaintiff had also sent KFB billing receipt with a billing address of P.O. Box 66, Fisherville, as proof of address. (The Social Security card also verified the address of P.O. Box 66, Fisherville.)

The FCRA states "Government-issued identity documents are a reasonable proof of identity." Plaintiff had no rental/lease contract, no pay stubs, and no utility bills. Plaintiff's phone is his only monthly bill, and it has no receipt. Equifax's demands for proof were impossible for the Plaintiff to meet only because Equifax did not properly recognize Plaintiff's driver's license as proof of identity. Equifax had sent demands that were unreasonable, unfair, and unlawful.

**(B) FCRA**

The FCRA and the FTC booklet Exhibit W both state a citizen has a right to request his credit report at any time and, once a year, for free. Equifax must comply and furnish all information concerning the Plaintiff already in its files. All that is required of the Plaintiff is to supply name, address, date of birth, and social security number.

A valid Kentucky driver's license and a valid Social Security card verified that information, and the Kentucky Farm Bureau also confirmed the address. (Kentucky does not issue a driver's license with a post office box address.)

The FCRA states "Reasonable procedures for demanding proof of identity and address." Reasonable procedures include Equifax using information already on file to verify identity and address, and here on Exhibit E3, it shows that on July 2015 Equifax had on file Plaintiff's street address, Plaintiff's P.O. Box 66 address, name, Social Security number, date of birth, and other history of employment, all coinciding with the documents sent by the Plaintiff.

2

Plaintiff has had a USPS post office box rental contract in Fisherville, Kentucky, for forty years. The Federal Aviation Administration has recognized the Plaintiff's address as being Fisherville, Kentucky, for forty years. The IRS has recognized the Plaintiff's address as Fisherville, Kentucky, for forty years. Kentucky Farm Bureau has recognized the Plaintiff's address as Fisherville, Kentucky, for forty years. The Social Security Administration has recognized the Plaintiff's address as Fisherville, Kentucky, for six years.

Equifax claims they are "worried about security" of delivery of the citizen's credit report. It is much more secure to deliver to a post office box than to a rural street box which is open to theft and damage. Plaintiff is a self-employed ag pilot who worked in rural areas of New Mexico, Kansas, Nebraska, South Dakota, and Georgia, in counties where there only two paved roads and where those two roads intersect at the county seat. All other roads were gravel or dirt. There is no delivery of mail to homes in these rural areas. Mail is received at the nearest town by post office box. Millions of farmers, ranchers, agricultural workers, contractors, sub-contractors, and pilots operate as self-employed. There are no W2 forms involved, no payroll check stubs and such nonsense. A request for a W2 form bars all self-employed. Driver's licenses in these areas show a county road or a range and township as place of residence.

Plaintiff has not had to pay a utility bill due to the fact that such bills are paid and included in the housing supplied for a particular job. A place to stay is included in the contract. And there are millions of farmers also who rent and have no such utility bills available. Most all rental agreements are on a handshake as part of the job.

Equifax's demands for proof of address and identity are impossible to meet. This is done for a reason. As the Plaintiff stated throughout his entire Complaint, Equifax found ways to deliberately and willfully deny a credit report, simply to hide misinformation and avoid the expense involved with a dispute. Plaintiff maintains Equifax's proof demands in Exhibits B and R are purposely unreasonable, unfair, inconsistent, confusing, and unlawful and are done simply to avoid having to comply with 1681g and 1681i. No matter what demand is met, Equifax demands more and never honors any documents.

### 1. June 25, 2015, Online Request

Here the District Judge takes the word of Ms. Smith who witnessed nothing and can prove nothing over the word of the Plaintiff who witnessed all events and sent or received all exhibits. Ms. Smith's oath is simply hearsay. There simply is no proof of any test failure and no proof Ms. Smith witnessed anything. There simply are no material facts listed in Equifax's Statement of Material Facts. Plaintiff should have been given his credit report on June 25, 2015, online. If Equifax has any documents or records or proof of the security test, they refused to turn it over to the Plaintiff during Discovery.

### 2. July 1 and July 20, 2015, Mail Requests

### (a) 1681g

On July 1, 2015, Plaintiff sent a lawful request, under FTC and FCRA terms, for his credit report along with a lawful issuance of a dispute under 1681i. On letter Exhibit A, "as requested" means just

that: Equifax had requested a copy of the Plaintiff's driver's license and Plaintiff's Social Security card. Exhibit W, The FTC Booklet, allows a citizen to issue a dispute concerning the denial of, or misinformation in, a credit report. Plaintiff met all requirements.

Equifax replied to the July 1 letter with letter Exhibit B, a list of demands for proof of identity and address, all impossible for the Plaintiff to meet. Had Equifax used the Plaintiff's Kentucky driver's license properly as an identity proof, as stated by the FCRA, that would have sufficed. Equifax chose to wrongfully use the driver's license for address proof. To use these demands in this method is unreasonable, unfair, and unlawful. Any demand for any income tax document is a violation of 26 USC. Federal and State tax forms are not listed as a reasonable means of proof by the FCRA.

After receiving letter Exhibit B, Plaintiff sent letter Exhibit C, containing the same requests and information, with an additional proof of address of a Kentucky Farm Bureau billing receipt. This was, again, an official request under 1681g and 1681i. Equifax responded by sending letter Exhibit D, a total nonsense document that really states nothing. One still would wonder: Was there a mortgage and a credit report? If so, are they now gone? Or are they still on file? This letter is designed to confuse a citizen entirely.

### (b) 1681i

When the Court will not allow the plaintiff his rights under 1681g, there are no rights allowable to the Plaintiff under 1681i. This is exactly how Equifax has set up the whole system, to avoid honoring credit report requests and avoid the cost of dispute resolution. Plaintiff refers to letter Exhibit G, April 16, 2017, from Social Security to the Plaintiff. The Social Security Administration had in previous days instructed Equifax to "delete all reference to Social Security account." Document Exhibit E5, the frozen database scan from July 2017, shows the Social Security account had not been deleted. This was four months after the April notice from Social Security. This is a clear violation of 1681i.

### (3 & 4) Request for Credit Report Following Denial of Cabella Credit

FTC and the FCRA state Equifax must keep any credit report used in a denial of credit for 60 days from the denial date. This is to allow for the dispute process. Social Security letter Exhibit G was dated April 16, 2017. Sixty days had not passed from the denial date in February. Until such a dispute is resolved, Equifax must keep that report on hand. Exhibit E5 shows the dispute was not resolved in July 2017, four months later. On April 21, 2017, Plaintiff filed a Federal Complaint. Summons was served on Equifax on May 5, 2017.

Plaintiff had also filed a motion to obtain from the Court a Subpoena specifically for use with Cabella's Bank of Lincoln, Nebraska, and specifically to obtain a copy of the February 19, 2017, credit report used in its denial of credit. No subpoena request was ever sent to Equifax or mentioned Equifax. Yet McKenzie Cole, in the Equifax legal department, read about the subpoena request on the electronic filing system and sent the Plaintiff an unsolicited letter, Exhibit P, which stated: "In response to your subpoena regarding the above named case, Equifax states as follows: ... See 15 USC 1681b ... In order to release information to you, Equifax will need either a notarized authorization from the targeted consumer (Hicks) or a court order signed by a judge. ... Once you obtain the necessary documents,

please forward them directly to me, and I will complete your request as soon as possible." "In response to your subpoena regarding the above named case," that is the Motion for subpoena concerning Cabella's February 19, 2017, credit report (attached). Here in Exhibit P Ms. Cole is offering to the Plaintiff pro se/Attorney under 1681b a copy of the February 19, 2017, credit report sent to Cabella's Bank, which caused the denial of credit. Plaintiff responded with letter Exhibit Q, meeting the terms of Ms. Cole's offer in letter Exhibit P.

In this letter, Exhibit P, Equifax is claiming they have the February 19, 2017, credit report as it was sent to Cabella's. That credit report would later disappear in Discovery. In letter Exhibit P, there were no demands for proof of address or identity, only the request for a notarized authorization from the targeted consumer.

After sending letter Exhibit Q, Plaintiff received letter Exhibit R, a set of demands for proof of identity and address, which was different from letter Exhibit B, which were earlier demands for proof. This is an unlawful use of demands of proof by Equifax as Ms. Cole already had obtained the Plaintiff's post office Box 66 from the Federal Complaint, which she refers to in letter Exhibit P. Letter Exhibit P was addressed to and sent to P.O. Box 66, Fisherville. Any document involved in a Federal Complaint on hand at Equifax on May 5, 2017, (date of Summons service) should have been held/preserved until the end of the case. However in November 2017 the February 19, 2017, Cabella credit report had vanished. District Court ignored this.

### (5) Claim That Equifax Willfully Violated FCRA

Destroying evidence, to wit: the February 2017 Cabella credit report and the online security test results, is a violation of the Federal Rules of Procedure and about as willful as you get. Equifax has willfully and deliberately denied the Plaintiff his credit report to hide misinformation and to prevent any cost of dispute resolution. The entire basis of the Plaintiff's Federal Complaint is that Equifax willfully and deliberately denied the plaintiff his credit report by misusing and abusing their demands for proof of identity and address. Not only did they fail to give the Plaintiff his requested reports in 2015, but also in 2017. Exhibit E, the frozen database scan sent to the Plaintiff during Discovery, contained only half of the information that was actually sent to Cabella's. The negative misinformation that caused the denial was deleted.

On November 13, 2018, the Plaintiff recovered his Cabella credit report by subpoena to Capital One, which had by then purchased Cabella's Bank. That report shows the negative information that had been deleted from Exhibit E. The plaintiff has reason to believe that there was misuse of his credit report by Equifax employees, who had, as in other cases, used citizens' credit reports to make fraudulent loans. The Plaintiff's credit report was inactive as he had not had any loans, mortgages, or accounts from 2005 through 2015. An inactive credit report is an attractive target for a credit thief because it's less likely their fraudulent actions will be noticed.

The Plaintiff cites the case of Selena Brown vs. Equifax, Case No. 1:09-cv-0168 N.D. Ga. (January 2009). After receiving delinquency notices for loans that were not hers, Ms. Brown requested her three credit reports, from TransUnion, Experian, and Equifax. Equifax failed to respond. After a

year of investigation, Ms. Brown discovered that all the fraudulent loans tracked back to a lady named Tonya Leech, an employee at Equifax. No one today knows Ms. Leech's real name because Equifax failed to prosecute her for fear of driving stock prices down.

Thus, the Plaintiff believed there was a good chance that such fraud had occurred on his credit report in June and July of 2015 and there was no reason to believe otherwise. Once the Plaintiff made it known in letter Exhibit A that the accounts listed on the security test were not his, Equifax began its systematic denial of information to the Plaintiff. Equifax wrongfully accused the Plaintiff of failing the security test simply to deny him from obtaining his credit report, and today Equifax has no evidence of such a failure.

In February 2017, Equifax knowingly sent misinformation to Cabella's Bank. This information caused the denial of credit. The FCRA states "all information" should be sent to the citizen when they request their report. Equifax never fulfilled that requirement.

Respectfully submitted,

Joseph Hicks, Plaintiff pro se, Appellant

**RECEIVED**
11-2-2020
DEBORAH S. HUNT, Clerk

Sixth Circuit :

Case#_____

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CINCINNATI, OHIO

Western District of Kentucky

Case# 3:17-00251-CHB-CHL

### PLAINTIFF/APPELLANT MOTION ASKING THE COURT TO WAIVE COURT FEES

Comes the Plaintiff pro se as Appellant, and asks the Court to waive Court fees for entry, and allow Plaintiff to enter in forma pauperis.  Plaintiff attaches Affidavit in Support of Motion

### AFFIDAVIT

Comes the Plaintiff as Affiant and swears under oath, and penalty of perjury, the following;

Plaintiff had hip replacement in 2013, went back to work in 2015 thru 2018, and then was due another hip replacement in April of 2020.  The operation was cancelled by Governor of Kentucky.  Plaintiff has not been told of new date.  Plaintiff is on temporary disability of $783.00/month, with monthly expenses of $72.00 for truck insurance, $33.00 for phone and $27.00 for access to physical rehab.  Plaintiff has no other income, no pension, no retirement, no investments, no stocks, and no assets hidden in any way.

Plaintiff has spent all savings on hip and other medical problems since 2011.  Plaintiff owns 1997 Ford Truck with value of $1,500.00, no mortgage.  Plaintiff had $5,400.00 stolen from his US Bank MC by identity thieves in 2019, and that account was closed as result.  The case was turned over to Law Enforcement (FBI), Plaintiff is not responsible for the stolen funds.  Plaintiff has no other credit cards or loans of any type.

Plaintiff asks Court to waive fees and allow entry of this appeal into Sixth Circuit.

Respectfully submitted,

_____
Joseph Hicks, Plaintiff pro se, Appellant

_____
Notary

10/29/2020

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

Sixth Circuit CASE #_____                    Western District of Kentucky

                                                                      Case # 3:17-00251-CHB-CHL


**ORDER**


It is hereby **ORDERED** the Appellant/Plaintiff's Motion to waive fees for entry into Appeals Court is granted, and Plaintiff will be allowed to proceed with application for entry.


Date_____,_____2020

                                        _____

                                        **JUDGE, UNITED STATES COURT OF APPEALS**

                                        **FOR the SIXTH CIRCUIT.**

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

Sixth Circuit CASE #_____

Western District of Kentucky

Case # 3:17-00251-CHB-CHL

## ORDER

It is hereby **ORDERED** the Appellant/Plaintiff's Motion for entry for review by the Sixth Circuit Court of Appeals is granted, and case will be entered for review.

Date_____,_____2020

_____

**JUDGE, UNITED STATES COURT OF APPEALS**

**FOR the SIXTH CIRCUIT.**

EXHIBIT "P"



May 17, 2017

Equifax Information Services LLC
PO Box 105139
Atlanta, Georgia 30348
(866) 222-5901
(678) 795-954 (fax)

Attn: Joseph Hicks
PO Box 66
Fishersville, KY 40023

RE:   **Records Request**
      Hicks, Joseph

Dear Sir/Madam:

In response to your subpoena regarding the above-named case, Equifax states as follows:

The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., controls all aspects of the credit reporting industry, particularly the circumstances in which a consumer reporting agency is allowed to release credit information to a third party. See 15 U.S.C. §1681b. Unfortunately, your subpoena request is not one of the permissible purposes explicitly allowed by the Act. In order to protect you, your client, and Equifax from violating the FCRA, Equifax will be unable to respond to your request at this time.

In order to release information to you, Equifax will need either a notarized authorization from the targeted consumer or a court order signed by a judge. The Federal Trade Commission, the agency that oversees enforcement of the FCRA, has informed us that orders or subpoenas signed only by court clerks are not sufficient. Once you obtain the necessary documents, please forward them directly to me and I will complete your request as soon as possible.

Sincerely,

Mackenzie Cole
Litigation Paralegal

CT

FILED WITH
WRITER WRITE!  P

17 MAY -9 AM 8: 24

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE, KY.

Case# 3:17-CV-251-DJH          Plaintiff: Hicks     vs     Defendants; Smith, Equifax

## MOTION FOR SUBPOENA, UNDER RULE 45

   Comes the Plaintiff, and requests from the Court a subpoena for documents.  Plaintiff asks for a "Command to Produce" for documents, or if electronically stored, the same, of Plaintiffs' credit report which was sent to Cabelas Worlds Foremost Bank, of Lincoln, NE, on or around February 19, 2017, from Equifax Credit Service of Atlanta, GA.

   The credit report concerns Plaintiff, Joseph Hicks, and his application for a Cabelas Visa Credit Card, and the reference number of the application is #2017021978702.

   Plaintiff requests complete copy of credit report used by Cabelas Worlds Foremost Bank, that caused the issue of a credit denial letter dated February 19, 2017, that was sent to the Plaintiff. Plaintiff states that on that denial letter, it is clearly stated that information used to make the denial determination was obtained from;

                              Equifax Disclosure Department
                              P.O.Box 74021
                              Atlanta, GA   30374-0241

Serve;

          Cabelas Worlds Foremost Bank
          4800 NW 1st Street, #300
          Lincoln, NE  68521

Respectfully submitted,

Joseph Hicks, Plaintiff

ATTACHMENT
TO            2017
EXHIBIT "P"    MOTION

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CINCINNATI, OHIO

Sixth Circuit Case:

Western District of Kentucky
Case # 3:17-cv-00251-CHB-CHL

## PLAINTIFF'S MOTION TO STRIKE THE OATH/DECLARATION OF PAMELA SMITH

Plaintiff seeks to have the Court strike the testimony of Pamela Smith for lack of merit, lack of material facts, and hearsay.

### PLAINTIFF'S STATEMENT IN SUPPORT OF MOTION

Not once in any way has Equifax or Ms. Smith ever referred to or produced any document, record, or computer reference to the June 2015 credit report request and subsequent security test. This June 2015 request under 1681g and the security test occurred five years ago, two years prior to the lawsuit being filed, and 7.5 billion credit report requests have come in to Equifax since 2015, mostly online. No one at Equifax or Ms. Smith has referred to the means by which they can confirm the events and facts from June 2015. No computer file, no documents, nor any records can prove the Plaintiff failed any security test. Equifax and Ms. Smith admit requests and tests took place but have no proof of a test failure. This is a violation of 1681g as Plaintiff should have been sent a copy of his credit report upon request. Without proof the Plaintiff failed any test, how can Ms. Smith swear to an oath that she somehow "knows" the events or facts occurred. Equifax has not produced any documents, records, or files concerning the June 2015 request and test in Plaintiff's request for Discovery. If those documents appear at this time, that is a violation of the Rules of Procedure.

In Document 126, page 2, "Statement of Material Facts," section 2, numbers 4-10 there is no reference or mention of any material fact concerning the June 2015 online request and security test. There is no reference to or mention of any document or record from which Ms. Smith could have obtained knowledge of such an event. For Ms. Smith to claim to be "familiar" with or to "know" that Plaintiff failed a test on such a date is strictly hearsay with no documentary proof of any event. Ms. Smith must claim she remembered this one event out of 7.5 billion events of similar nature.

Plaintiff asks the Court to strike Ms. Smith's testimony completely.

Respectfully submitted,

Joseph Hicks, Plaintiff pro se, Appellant
P.O. Box 66
Fisherville, Kentucky 40023
502-759-5265

## UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

Sixth Circuit CASE #_____          Western District of Kentucky

Case # 3:17-00251-CHB-CHL

### ORDER

It is hereby **ORDERED** the Appellant/Plaintiff's Motion to Strike the testimony and Oath/Declaration of Ms. Pamela Smith is granted, and such Declaration will be removed from the case file.

Date_____,_____2020          _____

**JUDGE, UNITED STATES COURT OF APPEALS**

**FOR the SIXTH CIRCUIT.**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Sixth Circuit Case:                CINCINNATI, OHIO        Western District of Kentucky
                                                          Case # 3:17-cv-00251-CHB-CHL

_____

## PLAINTIFF'S MOTION FOR THE COURT TO OVERTURN DISTRICT COURT'S DECISION (145) IN THE WESTERN DISTRICT OF KENTUCKY, CASE NO. 3:17-cv-00251-CHB-CHL

Comes the Plaintiff/Appellant and prays the Court will overturn the order from the Western District of Kentucky and return this case to the Western District for trial by jury.

### PLAINTIFF'S STATEMENT IN SUPPORT OF MOTION

1. Plaintiff states the oath/declaration made by Ms. Pamela Smith contains no material fact and is hearsay, and she lacks proof of standing to make an oath She has sworn an oath of knowledge of a specific event and specific facts and has no means to prove she ever witnessed the event or learned of the event from any document or record. Ms. smith's claims are hearsay at best, and she shows no means of having any access to any record, document, or computer file that would lead her to gain any knowledge of the events of June 2015. Plaintiff requested all documents concerning all 1681g requests during discovery. Equifax sent no documents concerning the June 2015 event.

2. Equifax has no employee who has any means of gaining any knowledge of the June 2015 event nor any employee who witnessed the event. The June 2015 event is one of 7.5 billion such events that have come and gone since June 2015. Without proof that the Plaintiff "failed" any security test, Equifax is obligated to have sent the Plaintiff his credit report in June of 2015.

3. Plaintiff states the online attempt in June 2015 to obtain credit file under 1681g is Claim No. 1 in the original complaint. Claims No. 2 and 3 are also listed in the original Complaint. These Claims refer to Exhibits A and C. plaintiff states the May 2017 letter attempt, Exhibit Q, is Claim No. 8 in the Amended Complaint, and the June 2017 letter attempt, Exhibit U, is Claim No. 9 in the Amended Complaint. Plaintiff states Equifax used unreasonable, unfair, inconsistent, and unlawful demands for proof of ID and address as an excuse for not sending the Plaintiff his credit report.

4. July 1, 2015 letter attempt, Exhibit A, was accompanied by a copy of Plaintiff's driver's license and Social Security card. These documents were requested by Equifax after the June 2015 online denial of a credit report. Equifax violated the FCRA by misusing the Plaintiff's driver's license as a proof of address, when the FCRA states such government-issued IDs should be used for identity proof. FCRA clearly states Equifax should use all information already on file concerning the Plaintiff to verify address and identity. Exhibit E3 shows Equifax already had

name, address, date of birth, Social Security number, and other historical information on file. Thus, failure to send a credit report is a violation.

5. The July 20, 2015, letter attempt, Exhibit C, was accompanied by Plaintiff's driver's license as proof of identity and a Social Security card and Kentucky Farm Bureau insurance billing receipt, both showing an address of P.O. Box 66, Fisherville, Ky., as proof of address. Again, Equifax misused the driver's license according to the FCRA and ignored the Social Security card and Kentucky Farm Bureau insurance receipt as proofs of address which are acceptable under the FCRA. Exhibit E3 again shows that all information matched the information already on file with Equifax.

6. FTC, which enforces the FCRA, states in Exhibit W, Booklet for consumers, page 2, last paragraph: "You need to provide your name, address, date of birth, and Social Security number." This is all that is required by the FCRA. The first paragraph of that document states that a citizen only has to request "current credit report." There need not be any reference to 1681g for this to be a valid request.

7. Plaintiff states Equifax has used unfair and inconsistent demands of proof as Exhibit B and Exhibit R show different proof demands. Not only is this inconsistent, but both Exhibit B and Exhibit R are unreasonable, unfair, and unlawful in their demands.

8. Plaintiff states letter, Exhibit P, (May 17, 2017) refers to "In response to your subpoena regarding the above named case" that subpoena request was made in a motion by Plaintiff to the Court specifically for the February 19, 2017, credit report held by Cabella's Bank, (attached)There was no subpoena or request for subpoena concerning Equifax. Equifax's legal department read the Motion concerning Cabella's credit report on an electronic court filing and, in response, sent an unsolicited letter, Exhibit P, offering the Plaintiff the report involved in the subpoena request under the rules of 1681b. That letter, signed by McKenzie Cole, stated "In order to release information to you, Equifax will need either a notarized authorization from the targeted consumer or a court order signed by a judge. ... Once you have obtained the necessary documents, please forward them directly to me, and I will complete your request as soon as possible."

On May 5, 2017, Summons was served on Equifax. Ms. Cole obtained the plaintiff's address of Box 66, Fisherville, from the Complaint filed in the Western District of Kentucky. The letter, Exhibit P, was addressed to and delivered to Box 66, Fisherville. There was no demand for any more proof of ID or address, just a request for "notarized authorization." Letter Exhibit Q was sent by Plaintiff. This letter contained a notarized authorization. Equifax responded with letter Exhibit R, a demand for proof of identity and address. Letter Exhibit R was an abuse of the FCRA demands of proof and a violation of the FCRA in that there was no reasonable purpose for letter Exhibit R to have been sent. Ms. Cole already knew the Plaintiff's address was on the Federal Complaint served on them May5, 2017.

9. In response to letter, Exhibit R, Plaintiff replied with letter, Exhibit U. On this letter were two requests:

(1) "Corrected credit report, current issue." This was a legal request under 1681g and the terms of the FTC and its booklet, Exhibit W.

(2) A second request for the February 19, 2017, Cabella credit report mentioned in subpoena request. This is a request under 1681b ("notarized authorization").

FTC allows for a citizen to make a simple request for a credit report using the term "current credit report." This event is Claim No. 9 in the Amended Complaint.

Fed up with Equifax, and as a last ditch effort to obtain his credit report, Plaintiff arranged with a friend to check Plaintiff's street mailbox for thirty days, and in letter, Exhibit U, Plaintiff allows Equifax to mail the requested reports to the street address listed on his Kentucky driver's license. Thus, in this letter Exhibit U, Plaintiff supplied three proofs of this street address plus two proofs of identity, thus meeting all terms of Equifax's demands for proof of identity and address. The Plaintiff sent the following documents: a valid Kentucky driver's license with street address, valid Kentucky vehicle property tax receipt with street address, a U.S. Bank Visa statement with street address, a Federal Aviation Administration commercial pilot's license as proof of identity, and a valid Social Security card as proof of identity. Letter Exhibit U was mailed to Equifax, and Plaintiff received no reply. District Judge ignored this Claim altogether. Furthermore, District Judge on page 5, footnote 6, Document 145, "Hicks does not allege that Equifax did not provide him with a copy of the credit report."

10. Plaintiff states District Judge not only missed the Claims concerned with Exhibits Q and U, but also overlooked Exhibit G, April 16, 2017, letter from Social Security to the Plaintiff. That letter stated "We have contacted the credit bureaus and requested that all references to the SSI overpayment be deleted from your credit report." On Exhibit E5 (frozen database scan for July 2017), shows that Equifax had not deleted references to the Social Security account. This is a violation of 1681i

11. Equifax claims in Document 130, page 5, section III, "Hicks failed to request his current consumer disclosure in 2017." Letter Exhibit U shows "As part of my agreement with the Social Security Administration, I wish to receive a copy of the corrected credit report, 'current issue'." The District Judge ignored this fact.

12. Plaintiff states demand for birth certificate is a violation the FCRA and is unreasonable and unlawful. This document is held by the Bureau of Vital Statistics and no citizen has to turn over this document to a for-profit corporation in exchange for a simple credit report request. Birth certificate is not mentioned in the FCRA listing of identity documents.

13. Plaintiff states Equifax's demands for W2 form is unreasonable and barred the Plaintiff or any self-employed citizen from obtaining their credit report. This is a violation of the FCRA, as that Act does not mention any reference to income tax documents.

14. Plaintiff states Equifax's demand for a W2 form is unlawful and is a violation of a citizen's right under 26 USC. This is an unlawful demand as no citizen should have to give up their right of protection under 26 USC in exchange for a credit report that is already established as their right under 1681g. No citizen has to give up their tax return information under any circumstances and

certainly not to a for-profit corporation holding hostage a credit report that duly belongs to that citizen upon request.

15. Equifax must adapt its demands of proof of address and identity to the existing laws under the FCRA and 26 USC. The FCRA and citizens do not have to adapt to Equifax's demands. Equifax cannot dictate unreasonable, unfair, and unlawful demands upon a citizen.

16. In combination, Equifax's demands for birth certificate, W2 form, and payroll check stubs as proof are violations of the FCRA. Equifax's misuse of the Plaintiff's driver's license as proof of address is a violation of the FCRA. (A Kentucky driver's license is not issued with a post office box address.) Such demands, in combination, are unreasonable, unfair, and unlawful.

17. No citizen should be put in a position where they have to give up an established right in order to obtain a credit report that is rightfully theirs "upon request" "anytime". And no for-profit corporation should be allowed to make such a demand. Such a demand would qualify as extortion and intimidation.

18. Equifax refused under the Rules of Discovery and Production of Documents to supply the Plaintiff any proof of the June 2015 credit report request and test results. Plaintiff filed Motion in District Court about this lack of cooperation in Discovery, and that Motion was ignored by the Court. Equifax has no proof whatsoever that the Plaintiff failed any type of security test. Equifax had within its possession on May 17, 2017, (Exhibit P) the February 19, 2017, Cabella credit report. That document was destroyed by November 2017.

19. Plaintiff cites, from the FTC Booklet to Consumers, Exhibit W, that the only four items of information that are required for a credit report are name, address, date of birth, and Social Security number, along with a simple request for a "current report." In each of the Plaintiff's 1681g requests – on June 25, 2015; July 1, 2015; July 20, 2015; and June 2017 – the Plaintiff met every requirement of the FTC. This was ignored by the District Court.

20. Exhibit E, the frozen database scan obtained in Discovery, is not the entire report as it was sent to Cabella's Bank on February 19, 2017. The information in Exhibit E would not have caused the denial mentioned in Exhibit F. The part of the report that caused the denial was not sent to the Plaintiff.

21. As Plaintiff pro se, the "attorney for the Plaintiff," is the Plaintiff. The offer made in Letter Exhibit P was made under 1681b and should have been granted to the Plaintiff/attorney Hicks.

22. Equifax has a financial incentive for denial of all citizens' requests for credit reports to eliminate their expenses involved in dispute resolution. This gives them incentive to make demands that are unreasonable, unfair, inconsistent, confusing, and unlawful. This also gives them reason to discourage citizens and intimidate citizens from even trying to obtain their credit report.

Respectfully submitted,

_Joseph Hicks_

Joseph Hicks, Plaintiff pro se, Appellant

**UNITED STATES COURT OF APPEALS**

**FOR THE SIXTH CIRCUIT**

Sixth Circuit CASE #_____          Western District of Kentucky

Case # 3:17-00251-CHB-CHL

**ORDER**

It is hereby **ORDERED** the Appellant/Plaintiff's Motion to Overturn the Decision and Order of the Western District of Kentucky in the above case, is Granted and the case shall be returned to the Western District of Kentucky for trial by jury.

Date_____,_____2020          _____

**JUDGE, UNITED STATES COURT OF APPEALS**

**FOR the SIXTH CIRCUIT.**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT
CINCINNATI, OHIO

Sixth Circuit Case:

Western District of Kentucky
Case # 3:17-cv-00251-CHB-CHL

**PLAINTIFF'S MOTION FOR THE SIXTH CIRCUIT APPEALS COURT TO OVERTURN ALL PREVIOUS CASES IN THIS COURT'S JURISDICTION CONCERNING ANY CITIZEN BEING DENIED A CREDIT REPORT BY EQUIFAX WHICH WAS BASED ON EXQUIFAX'S DEMANDS FOR PROOF**

Comes the Plaintiff/Appellant and asks the Court to overturn all previous cases in which Equifax denied any citizen the right to obtain a credit report under 15 USC 1681g when such denial was based on Equifax's unreasonable, unfair, inconsistent, and unlawful demands for proof of address and identity.

### PLAINTIFF'S STATEMENT IN SUPPORT OF MOTION

1. Equifax violates the FCRA when they fail to acknowledge government-issued identity documents as forms of proof of identity. Instead Equifax uses such government issued ID documents, e.g. driver's licenses, as form of proof of address only. This action bars and prohibits a citizen who utilizes a post office box from using a driver's license to meet those demands. Most all states do not issue a driver's license with a post office box as an address.

2. Equifax's demands for proof are inconsistent and unfair in that these demands vary from citizen to citizen, date to date, as shown in Exhibits B and R (which are different sets of Demands). A citizen might as well spin a roulette wheel to obtain a list of demands of proof. There is no fairness in inconsistent demands.

3. Equifax's unreasonable list of demands concerning W2 forms bar and prohibit self-employed citizens or temporarily unemployed citizens from obtaining credit reports. Such a demand also bars the self employed to utilize a post office box for delivery of mail. These citizens are barred from their rights under the FCRA 1681g. The self-employed and temporarily unemployed have no W2 form. Millions of farmers, ranchers, agricultural workers, and agricultural pilots utilize a post office box for mail delivery in areas where there is no rural street delivery. , as in rural areas there are no street box deliveries.

4. Equifax's demands for payroll check stubs with either address or Social Security information bar and prohibit the self employed who are paid with a personal check and work on a contract basis. No such check stubs are available. While Equifax demands payroll check stubs that certain citizens do not have, Equifax, at the same time, refuses to acknowledge address stubs attached to valid Social Security cards.

5. Equifax's demand for proof involving W2 forms is an unlawful demand and in violation of 26 USC. No citizen should be forced to turn over any income tax document under any

1

circumstances. A W2 form is an integral part of, and attached to, income tax forms. This document, attached or not, is protected by 26 USC. No citizen should have to forfeit their right of protection under one law (26 USC) to obtain a credit report from a for-profit corporation in which that report is a right given to that citizen under 15 USC 1681g and the FCRA. Equifax's demand for tax return documents is extortion and intimidation, and the Court should stop it from occurring. Equifax demands that an unlawful act be allowed in exchange for a citizen to obtain an established right under the FCRA. Equifax's demands for a W2 is also a violation of the FCRA, as the FCRA does not mention at all any income tax documents for use as reasonable demands of proof. This demand for W2 is a violation of 26 USC and the FCRA.

6. Equifax's demands for proof of address and identity are unreasonable, unfair, and unlawful, and, in combination, are unjust and bar and prohibit certain citizens from rightfully obtaining a simple credit report. Equifax's demands do not coincide, and in fact are opposite to, FCRA's lists of reasonable demands. No two citizens have the same opportunity to obtain a credit report. These demands are unlawful in that no income tax documents are allowed by the FCRA's list of reasonable demands.

7. Court must show concern for how many citizens are barred, prohibited, or disallowed a right given them under FCRA 1681g. Equifax procured 7.5 billion inquiries in five years: Millions of citizens have been denied loans for business, farms, and medical expenses by Equifax and its misinformation that citizens are not allowed to view, challenge, or dispute 1681i. Millions of citizens are charged excessive interest rates due to misinformation on credit reports, and these citizens cannot obtain their own reports to view or challenge.

8. Equifax's unreasonable, unfair, inconsistent, and unlawful demands for proof also intimidate and discourage many citizens from even trying to request their own credit report due to the unreasonable demands that cannot be met by the citizens. This is especially true after a citizen has tried to obtain a credit report and is met with Equifax's list of ever changing demands. When such demands are unlawful and unreasonable, the Court should stop such an injustice due to the fact such acts are in direct violation of existing laws, 26 USC and the FCRA.

9. No citizen should have his credit report held hostage by a for-profit corporation in direct violation of federal law 26 USC and the FCRA.

10. No citizen should be placed in a position where they must forfeit one right to obtain another just to suit the demands of a for-profit corporation.

11. FTC, which enforces the FCRA, states in its booklet to consumers (Exhibit W), p.2, last paragraph that all that is needed for a request for a credit report is name, address, DOB, and Social Security number, and all one has to request is a "current report." Equifax has turned this simple request into a nightmare for many citizens.

12. No citizen's birth certificate should be demanded by a for-profit corporation who is holding a credit report that is rightfully that citizen's on demand at any time under the FCRA.

13. No citizen should have to change their address or mail delivery situation or job in order to meet a demand by a for-profit corporation holding a credit report that is due that citizen under law.

14. The Court cannot allow Equifax to make demands for proof of ID and address that disallowed, bar, or prohibit a citizen from obtaining his rights under the FCRA.

15. Equifax makes a profit each time it sells a citizen's credit report, no matter if that report is true and accurate or false and inaccurate. Equifax's denials of requests for credit reports simply makes more profit for Equifax, as denying the report Equifax does not have to contend with the citizen's right to dispute and correct his credit report under 1681i. Equifax makes more profit by causing the denial of a loan and forcing the applicant to reapply for a loan in which Equifax sells the same inaccurate report (maybe the third time). Even if a loan is not denied, a citizen may pay excessive interest rates due to the misinformation the report.

16. Court must protect the right of citizens over that of a giant, for-profit corporation that gathers and sells personal identity information about citizens without their permission or approval and pays no fee or royalty to that citizen despite selling that citizen's identity.

17. The court must punish Equifax for its misuse and abuse of the FCRA and what are considered reasonable and unreasonable demands.

18. Equifax has financial incentive to willfully deny citizens a copy of their credit report. A dispute cannot occur if the citizen cannot get a copy of his credit report to recognize any disinformation.

19. Equifax's use of unreasonable, unfair, and unlawful demands makes it easier for Equifax to deliberately and willfully deny a credit report to any citizen.

20. There are many Equifax demands for proof that are impossible for citizens to comply with. Lease/rental agreements are not always available as self-employed pilots, contractors, and subcontractors accept jobs with some type of housing already arranged as a part of the job and for the unknown duration of the job. Rentals are done on a handshake if at all. Utility bills, few that there are, are paid by the owner or the company hiring the contractor. Phone bills are obsolete as all have gone to cellphones. In rural areas, addresses are based on Range and Township, with no specific street address. Not everyone in the United States lives in a subdivision and works at Kroger. The Court must realize there is another working world in which farmers, ranchers, and agricultural workers are all self-employed. Those self-employed are systematically barred from obtaining their credit reports, and deliberately so.

21. No citizen should have to relinquish his birth certificate in exchange for a right already due him under 1681g. A citizen's family history is on this document, and it is held by the Bureau of Vital Statistics and is not a common document anyone carries around for identity proof. A birth certificate has no Social Security number, no current address, no description of current identity. It is proof of being an American, and it is no business of Equifax to be allowed to jeopardize this document. If a citizen does not have a copy on hand, it costs $20 to obtain one. No one should have to pay a fee to meet an unreasonable demand for a simple credit report that is

already due them under 1681g "upon request" "any time". More important, the Communist Chinese Military stole all of Equifax's files in 2017. They would have obtained millions of birth certificates had they been on file.

22. No matter how much proof a citizen sends in, Equifax just keeps demanding more in an effort to discourage and intimidate the citizen and deny his report. All of Equifax's ever-changing demands can end up impossible to supply and never end.

23. In the Plaintiff's case, the same as many others, Equifax caused a denial of credit, and when Plaintiff sought a copy of that report causing the denial of credit, even after filing a lawsuit, only half the information from that report was turned over to the Plaintiff, the half that did not show any negative information. Equifax hides the negative information so no dispute process can begin. This happens to millions of citizens who cannot even find out why their credit application was denied or why their interest rate was so excessively high.

24. In a self-perpetuating manner, the Plaintiff, for example, had a U.S. Bank credit credit card in 2019. Credit thieves stole $5,400 from that card by using the Plaintiff's identity documents that were stolen from Equifax in 2017. These identity documents were lost in plaintext form, which is a violation of FCRA 1681 – Statement of Purpose  and the Safeguards Rule that require Equifax to shred or destroy all such proof documents. Plaintiff lost that credit card due to this fraud, and today Equifax reports the Plaintiff late on a stolen $5,400. This shows the greed and lack of concern Equifax has for any citizen. It's just a vicious cycle with Equifax controlling all and never being held responsible. And the District Courts seem oblivious.

## STATEMENT OF STANDING

Plaintiff/Appellant maintains he has standing to file this motion due to the fact that Plaintiff had previously filed complaint in the U.S. District Court, Western District of Kentucky, against Equifax for denial of credit reports requested under 1681g and their failure to honor 1681i. These denials were caused by Equifax's unreasonable, unfair, inconsistent, and unlawful demands for proof of identity and address. Plaintiff believes he has shown the Court that such wrongful demands made by Equifax, a for-profit corporation, are unjust in their treatment not only of the Plaintiff but of all citizens.

Plaintiff cites 26 USC, FCRA, 15 USC 1681g and 1681i, and the FTC Booklet for Citizens (Exhibit W) in his claims of injustice to the citizens who have been involved in Equifax's abuse of demands. Any citizen has the right to simply request their "current credit report" any time they wish, and there is no exception to this right under 1681g. Plaintiff seeks the Court to protect all citizens' right from their greedy intimidation that Equifax places on the citizens.

Respectfully submitted,

Joseph Hicks, Plaintiff pro se, Appellant

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

Sixth Circuit CASE #_____                    Western District of Kentucky

Case # 3:17-00251-CHB-CHL

## ORDER

It is hereby **ORDERED** the Appellant/Plaintiff's Motion to Overturn All Previous Cases Concerning Equifax and Denial of Credit Reports to Citizens Involving Equifax Demands for Proof of Identity and Address, is Granted, and all such cases shall be returned to their Court of origin, and be continued.

Date_____,_____2020                    _____

**JUDGE, UNITED STATES COURT OF APPEALS**

**FOR the SIXTH CIRCUIT.**

EXHIBITS

A

Equifax Credit
Annual Credit Report Request Service
P.O.Box105281
Atlanta Ga.
30348-5281

Good day,

I requested my free annual report online, you not only refused but you claim I opened a home loan in 2013 and a retail card in 2009.

I have no home mortgage and did not open one at any time, you are wrong or (and) you gave my information to an illegal recipient. You better check you security system again. If you have caused me harm I will take legal action against you.

I have no payments due to anyone.

I am requesting my credit report immediately , and if I do not receive it I will contact the Federal Trade Commission.

My mail is received at Fisherville Postoffice, and has been for 32 years, I see you use a P.O.Box also.


Attached is copy of SS Card and Drivers Lic., as you requested.


Thank you for your attention to this matter,

Joseph D. Hicks
P.O.Box 66
Fisherville, Ky.
40023





## YOUR SOCIAL SECURITY CARD

**ADULTS:** Sign this card in ink immediately.
**CHILDREN:** Do not sign until age 18 or your first job, whichever is earlier.

Keep your card in a safe place to prevent loss or theft.
**DO NOT CARRY THIS CARD WITH YOU.**
Do not laminate.

p this stub with your personal records. The other side contains important rmation.

se note: The date we issued this card is shown below the signature line!

JOSEPH DAVIS HICKS
P O BOX 66
FISHERVILLE KY 40023-0066



071100937-FLT
JOSEPH D HICKS
PO Box 66
Fisherville KY 40023-0066

July 11, 2015

B

Dear JOSEPH D HICKS:

We received your request for your annual free credit report from Equifax and look forward to assisting you. In order to protect your identity and ensure your privacy, we need some additional information before sending you your report.

Because the information you provided as proof of your identity does not match the information we currently have on your credit file, we ask that you **send us a copy of two different items - one from each of the two categories listed below.** One item will verify your identity and the other will verify your current address.

**Category 1) IDENTIFICATION**
*Please make a copy of one of the following items.*
*The item you choose MUST contain your complete 9-digit Social Security number.*

- Pay stub with complete U.S. Social Security number
- W2 form with complete U.S. Social Security number
- Valid Social Security Card

*Note: A 'work permit only' card is not valid proof of a SSN.*

**Category 2) CURRENT ADDRESS**
*Please make a copy of one of the following items.*
*The item you choose MUST contain your current mailing address of PO Box 66, Fisherville KY 40023-0066.*

- Driver's license
- Rental/lease agreement or house deed
- Pay stub with address
- Utility bill (i.e. gas, electric, water, cable, residential telephone bill) with current service address.

To help process your request promptly, please be sure your photocopies are clear and legible. Enlarging any items that contain small print (e.g. driver's license, W2 forms) is helpful.

Finally, there is **NO CHARGE** for the annual free credit report. If you included payment in the form of a personal check, we have shredded it for your protection. If you included a money order, we are returning it to you in a separate mailing directly from the Annual Credit Report Request Service.

***Again, we need a total of two items -- one item from each of the categories above -- to process your request. Please submit those items along with this letter to the following address:***

Equifax Information Services LLC
PO Box 105466
Atlanta, GA 30348-5069

Thank you for the opportunity to assist you.

Equifax Information Services LLC

FLT000937-GFX-071100937- 858 - 9250 A S

C

Equifax Information Service.
P.O.Box 105466
Atlanta, Ga.  30348-5069

Re 071100937-flt letter sent to me dated july 11,2015

It is obvious that you are not reading my letters, and are just in your standard denial mode.

You refused to give me my credit report online, you now have refused to give it to me by letter, and here we will go again this will be my last correspondence other than court action.

You claim I have a home mortgage and a retail card, I do not.   You gave out my credit history to an unauthorized party, and they have apparently opened these accounts.

The longer you prevent me from finding out the problem the more damages it does to me, that will transfer to you.

I sent you my copy of valid SS Card last time and am sending a second copy, it has my P.O.Box 66 clearly on it.
I sent you a copy of my drivers lic. Last time ,and Today I am sending copy of Insurance receipt with P.O.Box 66 on it.

You can choose to ignore this request again and we will meet in U.S.District Court under the FCRA.

Whomever has opened a home mortgage and a retail card in my name, got their credit report from you, and you did it in my name, and that is illegal.

Sincerely

Joseph D. Hicks
P.O.Box 66
Fisherville, Ky 40023



## Kentucky Farm Bureau
## Mutual Insurance Company

## Automobile Insurance

Hicks, Joseph D

*Page 1 of 2*

**POLICY NUMBER**
0020053608

**POLICY PERIOD**
2/28/15 to 8/28/15

**MEMBERSHIP NUMBER**
0000492320

**YOUR AGENT**
Robin Thompson
10518 Watterson Trl
Louisville KY 40299
502-266-6610
robin.thompson@kyfb.com

*Questions? Please call your agent*

# Premium Notice

**YOUR PAYMENT MUST
BE RECEIVED BY:** 8/1/15

Hicks, Joseph D
PO Box 66
Fisherville, KY 40023-0066

We value you as a customer and look forward to continuing to service your insurance needs.

**Please note: This is the only bill you will receive.**

In order to ensure continuous coverage, your payment **must** be received in our office by 8/1/15. If not, this will serve as your notice of cancellation for nonpayment of premium, and coverage under

---

this stub with your personal records. The other side contains important mation.

note: The date we issued this card is shown below the signature line.

### YOUR SOCIAL SECURITY CARD

**ADULTS:** Sign this card in ink immediately.
**CHILDREN:** Do not sign until age 18 or your first job, whichever is earlier.

Keep your card in a safe place to prevent loss or theft.
**DO NOT CARRY THIS CARD WITH YOU.**
Do not laminate.

JOSEPH DAVIS HICKS
P O BOX 66
FISHERVILLE KY 40023-0066





# EQUIFAX

**CREDIT FILE : July 27, 2015**
**Confirmation # 5208030335**

P. O. Box 105518
Atlanta, GA 30348

0000001342 F0ECAA07281501180400000 01 000000
001995671-3242
Jospeh D Hicks
PO Box 66
Fisherville, KY 40023-0066

Dear Jospeh D Hicks:

Below are the results of your reinvestigation request and, as applicable, any revisions to your credit file.  If you have additional questions regarding the reinvestigated items, please contact the source of that information directly.  You may also contact Equifax regarding the specific information contained within this letter or report within the next 60 days by visiting us at www.investigate.equifax.com or by calling a Customer Representative at (888) 425-7961 from 9:00am to 5:00pm  Monday-Friday in your time zone.

For an added convenience, use one of the below options to start an investigation or check the status of your dispute.

Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

Visit us at **www.equifax.com/CreditReportAssistance** or Call us at  866-349-5186.

Thank you for giving Equifax the opportunity to serve you.

## The Results Of Our Reinvestigation

**>>>  We have reviewed your concerns and our conclusions are:**
The disputed accounts home mortgage and retail card are currently not reporting on the Equifax credit file.

## Notice to Consumers

You may request a description of the procedure used to determine the accuracy and completeness of the information, including the business name and address of the furnisher of information contacted, and if reasonably available the telephone number.

If the reinvestigation does not resolve your dispute, you have the right to add a statement to your credit file disputing the accuracy or completeness of the information; the statement should be brief and may be limited to not more than one hundred words (two hundred words for Maine residents) explaining the nature of your dispute.

If the reinvestigation results in the deletion of disputed information, or you submit a statement in accordance with the preceding paragraph, you have the right to request that we send your revised credit file to any company specifically designated by you that received your credit report in the past six months (twelve months for California, Colorado, Maryland, New Jersey and New York residents) for any purpose or in the past two years for employment purposes.



( Continued On Next Page )                        Page 1 of 2                        5208030335APPLADM-001995671- 3242 - 7479 - A



HICKS, ████ JOSPEH D

HICKS, JOSPEH D
4511, ROUTT, RD, JETN, KY, 40299

████████ RD ▓▓▓ JEFFERSON ██ ▓▓ (029)       FN 004-0688158-00-745

REPORT IS FOR INTERNAL USE ONLY - CONTAINS DATA SUPPRESSED TO CUSTOMERS       CID 02AB8295A62216D400

HICKS, JOSPEH D.                                    FILE SINCE 04/01/84       FILE ACTIVITY 02/19/17
████ ROUTT ██████████████ 9, CRT RPTD 02/17 , DAT DLR  02/19/2017.
██████ ▓▓▓ ██████ ▓▓ 00▓3, CRT RPTD 06/97 , TAPE DLR 02/15/2017.
     TELEPHONE NUMBER (502) 477-9865 SPEC 07/02.
████, ABSHIRE, LN, LOUI, KY, 40220, CRT RPTD 06/05 , CRT DLR 07/27/2015.
████, SKYLINE, DR, TALO, KY, 40071, CRT RPTD 06/97 , CRT DLR 07/27/2015.
████, ROUTT, RD #59, LOUI, KY, 40299, TAPE RPTD 06/97 , TAPE DLR 06/24/2010.
     FORMER NAME-HICKS, JOSEPH, D.
     BORN ████████, SSS-████████████  SSN VER - Y
     PILOT, A N AVIATION,  , , .
     FORMER EMP- , A AND V AVIATION,  , , .
     FORMER EMP- , SWETNAM DESIGN CON,  , , .

**FILE BLOCKED FOR PROMOTIONAL PURPOSES ****

*INQS- CABELASWFB, 640 ON6256, 02/19/17, 07/27/15 , ACIS KY5208030335, 915AA00828,
07/27/15 , ACIS     915AA00018/EIS/NC, 07/27/15 , ACIS     915AA00018/EIS/NC.



*------------------------------PAYMENT PRACTICE-----------------------------

| REPORTED | BALANCE | DFD / DLA | DURATION | DEFER DATE | MONTHS REV | ECOA |
|---|---|---|---|---|---|---|
| OPENED | HIGH CRDT | LST PAY DT | FREQUENCY | BLOON DATE | PAST DUE | CLASS |
| *CLSD/MJDEL | CRDT LIMIT | ACT PAY AM | SCH PYMT | BLOON PYMT | CHRGE OFF | ACTVTY DESI |

*---------------------------------------------------------------------------

SYNCB/CHEVRON PLCC    /404OC570  *  R-1        #-7061591051405115

| 02/00/2017 | $0 | / / | | / / | 99 | INDIVIDUAL |
|---|---|---|---|---|---|---|
| 05/00/1995 | $0 | / / | MONTHLY | / / | $ | |
| *03/00/2008 | $1500 | $ | $ | $ | $ | PD/CLOSED |

                              CHARGE ACCOUNT

CLOSED OR PAID ACCOUNT/ZERO BALANCE
ACCOUNT CLOSED BY CREDIT GRANTOR

*---------------------------------------------------------------------------

US BANK           /6130N15782*  R-1        #-████████████7

| 01/00/2017 | $1279 | 01/00/2017 | | / / | | INDIVIDUAL |
|---|---|---|---|---|---|---|
| 01/00/2017 | $0 | / / | MONTHLY | / / | $ | |
| / / | $3000 | $ | $ | $ | $ | |

                              CREDIT CARD

CREDIT CARD
AMOUNT IN H/C COLUMN IS CREDIT LIMIT

*---------------------------------------------------------------------------

SSA/OFFICE OF FINANC  /243VF200  *  O-1        #-████████████7

| 08/00/2016 | $0 | 10/00/2015 | | / / | 03 | INDIVIDUAL |
|---|---|---|---|---|---|---|
| 10/00/2015 | $1870 | 10/00/2015 | | / / | $ | |
| *08/00/2016 | $ | $ | $ | $ | $ | PD/CLOSED |

                              GOVT OVERPAYMENT

   METRO 2 HISTORY - GGGDDDDDDD
CLOSED OR PAID ACCOUNT/ZERO BALANCE
ACCOUNT CLOSED BY CREDIT GRANTOR

PAGE  1

```
FROZEN 313 ▓▓▓▓▓▓▓▓▓ ME/SSN  RECORDS
*******************************************
```

HICKS ▓▓▓▓         JOSPEH D              FN 004-0688159-60-743   HICKS,JOSPEH,D
PO BOX 66 ▓▓▓▓▓▓▓▓▓▓ ▓▓ 40023                                    PO,BOX 66,FISH,KY,40023

REPORT IS FOR INTERNAL USE ONLY - CONTAINS DATA SUPPRESSED TO CUSTOMERS    CID 02AB8295A62216D400

HICKS,JOSPEH,D                           ▓▓▓▓▓▓▓ FILE SINCE 04/01/84   FILE ACTIVITY 07/27/15
▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓▓▓▓ 05/97 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ 05/97 ▓▓▓▓▓▓▓▓▓▓▓
      TELEPHONS NUMBER (502) 477-9865 SPEC 07/02.
▓▓▓,SKYLINE,DR,TALO,KY,40071, CRT RPTD 06/97 , CRT DLR 07/27/2015.
▓▓▓2,ABSHIRE,LN,LOUI,KY,40220, CRT RPTD 06/05 , CRT DLR 07/27/2015.
▓▓▓5,ROUTT,RD #59,LOUI,KY,40299, TAPE RPTD 06/97 , TAPE DLR 06/24/2010.
FORMER NAME-HICKS,JOSPEH,D.
  BORN ▓▓▓▓▓▓▓,SSS ▓▓▓▓▓▓▓▓ SSN VER - Y
  PILOT,A N AVIATION, , ,.
  FORMER EMP- ,A AND V AVIATION, , ,.
  FORMER EMP- ,SWETNAM DESIGN CON, , ,.

**FILE BLOCKED FOR PROMOTIONAL PURPOSES ****

*INQS- 07/27/15 ,ACIS KY5208030335,915AA00828, 07/27/15 ,ACIS  915AA00018
/EIS/NC, 07/27/15 ,ACIS  915AA00018/EIS/NC, 06/25/15 ,ID 092ZD08074EQUIFAX.
*-----------------------------PAYMENT PRACTICE-----------------------------

| REPORTED | BALANCE | DFD / DLA | DURATION | DEFER DATE | MONTHS REV | ECOA |
| OPENED | HIGH CRDT | LST PAY DT | FREQUENCY | BLOON DATE | PAST DUE | CLASS |
| *CLSD/MJDEL | CRDT LIMIT | ACT PAY AM | SCH PYMT | BLOON PYMT | CHRGE OFF | ACTVTY DESI |

*------------------------------------------------------------------------------
SYNCB/CHEVRON PLCC    /404OC570 * R-1        #-7061591051405115
  07/00/2015 | $0    | / / |         | / / |    |87 |INDIVIDUAL
  05/00/1995 | $0    | / / |MONTHLY  | / / |    |$  |
  *03/00/2008| $1500 | $   |$        | $   |    |$  |PD/CLOSED
                              CHARGE ACCOUNT
CLOSED OR PAID ACCOUNT/ZERO BALANCE
ACCOUNT CLOSED BY CREDIT GRANTOR
*------------------------------------------------------------------------------
REF TO EQUIFAX INFORMATION SERVICES LLC,           P O BOX 740241,
      ,ATLANTA,GA,30374-0241,800/685-1111,WWW.EQUIFAX.COM/FCRA

NAMES OF DELETIONS NOT SHOWN

FROZEN 313 ████████ME/SSN RECORDS
**************************************

HICKS                    JOSPEH D                    FN 004-0688158-00-748  HICKS,JOSPEH,D
PO BOX 66 FISHERVILLE KY 40023                                              PO,BOX 66,FISH,KY,40023

REPORT IS FOR INTERNAL USE ONLY - CONTAINS DATA SUPPRESSED TO CUSTOMERS    CID 02AB8295A62216D400

HICKS,JOSPEH,D.                          FILE SINCE 04/01/84   FILE ACTIVITY 07/22/17
PO,BOX 66,,FISH,KY,40023, CRT RPTD 06/97 , CRT DLR 07/22/2017
    TELEPHONE NUMBER (502) 477-9865 SPEC 07/02.
4511,ROUTT,RD,JETN,KY,40299, CRT RPTD 02/17 , TAPE DLR 07/07/2017.
████,ABSHIRE,LN,LOUI,KY,40220, CRT RPTD 06/05 , CRT DLR 07/27/2015.
███,SKYLINE,DR,TALO,KY,40071, CRT RPTD 06/97 , CRT DLR 07/27/2015.
████,ROUTT,RD #59,LOUI,KY,40299, TAPE RPTD 06/97 , TAPE DLR 06/24/2010.
FORMER NAME-HICKS,JOSPEH,D.
  BORN ███████,SSS-███████  SSN VER - Y
  PILOT,A N AVIATION, , ,.
  FORMER EMP- ,A AND V AVIATION, , ,.
  FORMER EMP- ,SWETNAM DESIGN CON, , ,.

**FILE BLOCKED FOR PROMOTIONAL PURPOSES ****

*INQS- 07/22/17 ,ACIS   915AA00018/EIS/NC, 07/22/17 ,ACIS   915AA00018/EIS/NC,
04/13/17 ,ACIS KY7103000000447AA00044, CABELASWFB,6440N6256,02/19/17,
07/27/15 ,ACIS KY5208030335915AA00828, 07/27/15 ,ACIS   915AA00018/EIS/NC,
07/27/15 ,ACIS   915AA00018/EIS/NC.

--------------------------------PAYMENT PRACTICE-------------------------------

| REPORTED OPENED *CLSD/MJDEL | BALANCE HIGH CRDT CRDT LIMIT | DFD / DLA LST PAY DT ACT PAY AM | DURATION FREQUENCY SCH PYMT | DEFER DATE BLOON DATE BLOON PYMT | MONTHS REV PAST DUE CHRGE OFF | ECOA CLASS ACTVTY DESI |
|---|---|---|---|---|---|---|
| US BANK | | /6130N15782* R-1 | | #-████████████ | | |
| 06/00/2017 | $3076 | 06/00/2017 | | / / | 05 | INDIVIDUAL |
| 01/00/2017 | $3119 | 06/00/2017 | MONTHLY | / / | $ | |
| / / | $3000 | $80 | $107 | $ | $ | |

CREDIT CARD

METRO 2 HISTORY - 0000D
CREDIT CARD
AMOUNT IN H/C COLUMN IS CREDIT LIMIT

| | | | | | | |
|---|---|---|---|---|---|---|
| SYNCB/CHEVRON PLCC | | /4040C570 * R-1 | | #-████████████ | | |
| 05/00/2017 | $0 | / / | | / / | 99 | INDIVIDUAL |
| 05/00/1995 | $0 | / / | MONTHLY | / / | $ | |
| *03/00/2008 | $1500 | $ | $ | $ | $ | PD/CLOSED |

CHARGE ACCOUNT

CLOSED OR PAID ACCOUNT/ZERO BALANCE
ACCOUNT CLOSED BY CREDIT GRANTOR

| | | | | | | |
|---|---|---|---|---|---|---|
| SSA/OFFICE OF FINANC | | /243VF200 O-P | | #-████████████ | | |
| 04/00/2017 | $ | 10/00/2015 | | / / | 99 | INDIVIDUAL |
| 10/00/2015 | $ | / / | | / / | $ | |
| / / | $ | $ | $ | $ | $ | |

CREDIT GRANTOR DELETE UDF

PAGE  1



F

**world's Foremost Bank®**

P.O. Box 82645 Lincoln, NE 68501-9820

February 19, 2017

Reference: 2017021978702

ID          R-576    2-2
JOSEPH HICKS
4511 ROUTT RD
JEFFERSONTOWN KY 40299-4933

Dear Joseph Hicks:

Thank you for your application for a Cabela's CLUB Visa account with World's Foremost Bank. Unfortunately, we regret that we are unable to approve your application. The following item(s) of information contributed to this decision:

- Serious delinquency
- Too few accounts currently paid as agreed

Our decision was based in whole or in part on information we obtained from a consumer-reporting agency. The consumer-reporting agency did not make the decision and is unable to provide specific reasons for it. If you have any questions regarding the information we received, please visit www.equifax.com/fcra or contact the consumer-reporting agency directly at the address given below:

Equifax Disclosure Department
PO Box 740241
Atlanta, GA 30374-0241
1-800-685-1111

You have the right to obtain a free copy of your credit report from the agency, and to dispute the accuracy or completeness of any information the report furnished. This request must be completed within 60 days of the date of this notice.

We also obtained your credit score from this consumer-reporting agency and used it in making our decision. Your credit score is a number that reflects the information in your credit report. Your credit score can change, depending on how the information in your credit report changes.

See back for additional details.

The Federal Equal Credit Opportunity Act prohibits creditors from discrimination against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (with certain exceptions); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The Federal agency that administers compliance with this law concerning this creditor is the FDIC Consumer Response Center, 1100 Walnut St, Box #11, Kansas City, Missouri, 64106.

F

Your credit score is: 619 as of February 19, 2017.

Scores range from a low of 250 to a high of 900.

Key factors that adversely affected your credit score are:

- Serious delinquency
- Too few accounts currently paid as agreed
- Too many accounts recently opened
- Proportion of balances to credit limits is too high on bank revolving or other revolving accounts

If you have questions regarding this matter, please contact us at (800) 552-7963.  Our office hours are 6:00 A.M. to 11:00 P.M., Monday through Friday, 7:00 A.M. to 10:00 P.M. Saturday and Sunday, Central Standard Time.

Sincerely,


World's Foremost Bank

M1

# Social Security Administration
# Retirement, Survivors, and Disability Insurance
## Important Information

Northeastern Program
Service Center
1 Jamaica Center Plaza
Jamaica, New York 11432-3898
Date: April 16, 2017
Claim Number: ▓▓▓▓▓▓▓▓▓

0000508 00000528    1 MB   0.423 0411MECTR1PI T8 P1
JOSEPH D HICKS
PO BOX 66
FISHERVILLE KY   40023-0066



We are writing to you in response to your recent inquiry
concerning the reporting of a Supplemental Security Income (SSI)
overpayment on your record to the credit bureaus.

We have contacted the credit bureaus and requested that all
reference to the SSI overpayment be deleted from your credit
report.  Please allow 30 days for the credit bureaus to complete
their action.

## Suspect Social Security Fraud?

Please visit http://oig.ssa.gov/r or call the Inspector
General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

## If You Have Questions

We invite you to visit our website at www.socialsecurity.gov on
the Internet to find general information about Social Security.
If you have any specific questions, you may call us toll-free
at 1-800-772-1213, or call your local Social Security office at
1-888-280-5851.  We can answer most questions over the phone.
If you are deaf or hard of hearing, you may call our TTY
number, 1-800-325-0778.  You can also write or visit any Social
Security office.  The office that serves your area is located
at:

SOCIAL SECURITY
SUITE 50
10503 TIMBERWOOD CIR
LOUISVILLE,KY 40223-5396

SEE NEXT PAGE

EXHIBIT P



May 17, 2017

Equifax Information Services LLC
PO Box 105139
Atlanta, Georgia 30348
(866) 222-5901
(678) 795-954 (fax)

Attn: Joseph Hicks
PO Box 66
Fishersville, KY 40023

**RE:** **Records Request**
Hicks, Joseph

Dear Sir/Madam:

In response to your subpoena regarding the above-named case, Equifax states as follows:

The Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, controls all aspects of the credit reporting industry, particularly the circumstances in which a consumer reporting agency is allowed to release credit information to a third party. See 15 U.S.C. §1681b. Unfortunately, your subpoena request is not one of the permissible purposes explicitly allowed by the Act. In order to protect you, your client, and Equifax from violating the FCRA, Equifax will be unable to respond to your request at this time.

In order to release information to you, Equifax will need either a notarized authorization from the targeted consumer or a court order signed by a judge. The Federal Trade Commission, the agency that oversees enforcement of the FCRA, has informed us that orders or subpoenas signed only by court clerks are not sufficient. Once you obtain the necessary documents, please forward them directly to me and I will complete your request as soon as possible.

Sincerely,

Mackenzie Cole
Litigation Paralegal

WITH P
MOTION

CT

FILED
EASTERN DISTRICT CLERK
EASTERN DISTRICT OF KY

**17 MAY -9 AM 8: 24**

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE, KY.

Case# 3:17-CV-251-DJH          Plaintiff: Hicks      vs      Defendants; Smith, Equifax

## MOTION FOR SUBPOENA, UNDER RULE 45

Comes the Plaintiff, and requests from the Court a subpoena for documents.  Plaintiff asks for a "Command to Produce" for documents, or if electronically stored, the same, of Plaintiffs' credit report which was sent to Cabelas Worlds Foremost Bank, of Lincoln, NE, on or around February 19, 2017, from Equifax Credit Service of Atlanta, GA.

The credit report concerns Plaintiff, Joseph Hicks, and his application for a Cabelas Visa Credit Card, and the reference number of the application is #2017021978702.

Plaintiff requests complete copy of credit report used by Cabelas Worlds Foremost Bank, that caused the issue of a credit denial letter dated February 19, 2017, that was sent to the Plaintiff. Plaintiff states that on that denial letter, it is clearly stated that information used to make the denial determination was obtained from;

          Equifax Disclosure Department
          P.O.Box 74021
          Atlanta, GA   30374-0241

Serve;
          Cabelas Worlds Foremost Bank
          4800 NW 1st Street, #300
          Lincoln, NE  68521

Respectfully  submitted,

Joseph Hicks, Plaintiff

ATTACHMENT
TO
EXHIBIT 'P'      2017 MOTION



Mackenzie Cole
Equifax
P.O. Box 105139
Atlanta, GA
30348

Re;  Records Request


Good day,

As the "targeted consumer" you refer to in the attached letter, I am presenting an authorized,
notarized, request for my credit report, Under 15USC 1681g.  This request is for the credit report
as it was on Feb. 19th, 2017, which was the only time it was authorized by me to be sent to
Cabelas World's Foremost Bank.
Since you state you will not honor subpoenas, I am making the request official by certifying my
mailing address with documents;  FAA Commercial pilot License, A stamped United States Post
Office receipt for rental of Box 66.  I am certifying my home address with Kentucky Drivers
License, And further I.D. presented is my Social Security Card(which also has my P.O. Box 66).

The Notary, by signing this document has verified all the above identification, and viewed each
item listed.

This request is made under the terms of your letter (dated May 17,2017).  Your letter was sent to
my P.O. Box 66, Fisherville, Ky. 40023, and this is the address given to U.S. District Court for
the Western District of Kentucky, so there should be no more problem with this P.O. Box.


Joseph D. Hicks
P.O. Box 66
Fisherville, Ky. 40023

Notary
(Notary agrees they have verified the above
identification documents)

My Commisson Expires: February 10, 2020



062200025-FLT
JOSEPH HICKS
PO BOX 66
FISHERVILLE KY 40023-0066

June 22, 2017

Dear Consumer:

We have received your request concerning your Equifax credit report and are looking forward to assisting you. However, the information you provided as proof of your identity does not match your information currently on file. Therefore, to protect your credit information, we must ask for some additional information in order to verify your identification and address.

A copy of one item in **EACH** of the categories below is needed in order to verify your identification and address. The item you choose in the identity category **MUST** contain your Social Security number, and the item you choose in the address category **MUST** contain your **current mailing address** of: **PO BOX 66, FISHERVILLE KY 40023-0066,**

**IDENTIFICATION (NAME OR SSN)**
*Birth certificate or Marriage certificate with current name
*Pay stub with complete U.S. Social Security number
*W2 form with complete U.S. Social Security number
*Valid Social Security Card
   Note: A work permit only card is not valid proof of a SSN

**CURRENT ADDRESS**
*Driver's license
*Rental/lease agreement/house deed
* Mortgage statement or bank statement
*Utility bill (i.e. gas, cable, residential telephone bill)

To ensure that your request is processed without delay, please enlarge photocopies of any items that contain small print (e.g. driver's license, W2 forms, etc.). To avoid additional delays, keep in mind that if photocopies are not legible or contain highlighting, they may cause us to ask that you resubmit your request with more legible documents.

The charge for the credit score is $7.95. Please refer to the chart below to calculate your current fee for credit file disclosure.

| State | First Copy | Per Additional Copy (within one calendar year) |
|---|---|---|
| California | $8.00* | $8.00 |
| Colorado | Free | $8.00 |
| Connecticut | $5.00* | $7.50 for each additional report within 12 months |
| Georgia | Free (2 per calendar year) | $11.50 |
| Maine | Free | $5.00 for each additional report within 12 months |
| Maryland | Free | $5.00 |
| Massachusetts | Free | $8.00 |
| Minnesota | $3.00* | $11.50 for each additional report within 12 months |
| Montana | $8.50* | $8.50 |
| New Jersey | Free | $8.00 |
| Puerto Rico | Free | $11.50 |
| US Virgin Islands | $1.00* | $1.00 |
| Vermont | Free | $7.50 for each additional report within 12 months |
| All Other States | $11.50* | $11.50 |
| Unemployed | Free** | 1 within 12 months, fee as per state thereafter |
| Welfare | Free** | 1 within 12 months, fee as per state thereafter |

*If you have ever been denied credit, insurance, change in credit limit, or other credit-based benefit within the last 60 days, you are entitled by law to one free copy of your credit file per calendar year. If you have recently placed an initial 90-day fraud alert on the file, you are entitled to one free credit file. If you have recently placed an extended seven-year alert, you are entitled to two free credit files within 12 months. You may be entitled to additional free credit files based on other federal legislation. To check your eligibility, visit annualcreditreport.com.



EX. U

Mackenzie Cole
Equifax Information Services
P.O.Box 105139
Atlanta, GA
30348

Good day,

Recently the Social Security Administration had an error corrected, and had you delete reference
to the S.S. account.  As part the agreement I made with the Social Security Administration, I was
to receive a copy of the corrected credit report, current issue.
Also, I was denied credit by Cabelas Worlds Foremost Bank, on or about February 19, 2017, and
I would like a copy of that report that you sent to them.
As you stated in your first letter to me, The Federal Trade Commission interpretation of 15USC
1681b, states that I, as the targeted consumer, can request these reports with a "notarized
authorization" of such request.  The Notary has inspected the originals and by signing is
verifying documents.
Your great concern over my mailing address of P.O.Box 66, Fisherville, Ky. 40023, is over.  I
am authorizing you to send these reports to my HOME ADDRESS, which is verified by the
attached documents;
Valid Kentucky Drivers License (with home address; ████ ████ ██ Jeffersontown, Ky. 40299)
Recent Property Tax Receipt (with home address; ████ ████ ██. Jeffersontown, Ky. 40299)
U.S. Bank Visa Receipt (with home address; ████████ ██. Jeffersontown, Ky. 40299) .

For further identification purposes, also attached are;

Federal Aviation Administration, Commercial Pilot License (Joseph Davis Hicks)
Social Security Card (Joseph Davis Hicks)

Thank you for your concern for security,


Joseph Davis Hicks

Notary,
Date; July  7 ,201█

OFFICIAL SEAL
JOHANNA KEMPER
NOTARY PUBLIC - KENTUCKY
STATE-AT-LARGE
My Comm. Expires 2/10/2020
ID # 550393



*Please detach and send coupon with check payable to: U.S. Bank*

## US bank

2341862100154163270000109000003051475

24-Hour Cardmember Service: 1-877-373-6192

( • to pay by phone
  • to change your address

| Account Number | |
|---|---|
| Payment Due Date | 4/28/2017 |
| New Balance | $3,051.47 |
| Minimum Payment Due | $109.00 |
| Amount Enclosed | $  170 ⁰⁰ |

000002745 01  SP    000638627269039 P

JOSEPH D HICKS
JEFFERSONTOWN KY 40299-4933

**U.S. Bank**
P.O. Box 790408
St. Louis, MO 63179-0408

---

BOBBIE HOLSCLAW, JEFF CO CLERK
P O BOX 33033
LOUISVILLE KY 40232-3033

## MOTOR VEHICLE TAX AND/OR
## REGISTRATION RENEWAL NOTICE

*Amount is filed by Department of Revenue*
*Questions about your assessment should be directed to*
*your local Property Valuation Administrator*

COUNTY OF RESIDENCE: JEFFERSON
VEHICLE VALUE AS OF Jan. 1, 2017:                      993.00

| TAX JURISDICTION | RATE | $ TAX DUE |
|---|---|---|
| STATE | 0.4500 | 4.47 |
| COUNTY | 0.1680 | 1.65 |
| CO SCHOOL | 0.5850 | 5.81 |
| FD-JTOWN | 0.1000 | 0.99 |

Present your Original Registration
and Proof of Insurance with Payment
to the County Clerk

PRESORTED
FIRST CLASS MAIL
US POSTAGE PAID
COMMONWEALTH
OF KENTUCKY
FINANCE CABINET

AVOID LINES, RENEW BY MAIL. SEND THIS, REGISTRATION &
INSURANCE CARD, & PAYMENT PLUS $2 FOR HANDLING TO CO.
CLERK. USE CHK, MC/VISA/DS OR MONEY ORDER RENEW BY
PHONE 569-3300.

| 03 461ALK | EXPLORE | 97 | FORD |
|---|---|---|---|
| PLATE | MODEL | YR | MAKE |

VIN #: 1FMDU35P0VZC31069 999
TITLE #: 11079080122

Property tax must be paid even if registration is not renewed.
Registration Fee must be paid upon renewal.
Registration type REGULAR REGIS.

Notification date: 06-15-17

TO MAKE A VOLUNTARY DONATION TO CHILD CARE
ASSISTANCE ACCOUNT, ADD $____ TO TOTAL.
TO DONATE TO THE KY VETERANS
TRUST FD, ADD $____ TO TOTAL.

| TAX DUE | 12.92 |
|---|---|
| REGISTRATION FEE | 21.00 |

**TOTAL DUE**
POSTAGE & HANDLING FEE                                 33.92
FOR MAIL-IN RENEWAL, ADD                                 2.00

T&2  P3 **********AUTO**5-DIGIT 40299    118490

HICKS, JOSEPH D OR
LOUISVILLE KY 40299-4933







p this stub with your personal records. The other side contains important rmation.

se note: The date we issued this card is shown below the signature line.

|ı.|ı.||ıı.||ı..ıı.|ı|ı.|ı|.|ıı..||ı..||..ıı.||..ıı.|ı.ıı.||
JOSEPH DAVIS HICKS
P O BOX 66
FISHERVILLE KY 40023-0066

## YOUR SOCIAL SECURITY CARD

**ADULTS: Sign this card in ink immediately.**
**CHILDREN: Do not sign until age 18 or your first job,**
whichever is earlier.

Keep your card in a safe place to prevent loss or theft.
**DO NOT CARRY THIS CARD WITH YOU.**
Do not laminate.





# Disputing Errors on Credit Reports

Federal Trade Commission | consumer.ftc.gov



**Y**our credit report contains information about where you live, how you pay your bills, and whether you've been sued or arrested, or have filed for bankruptcy. Credit reporting companies sell the information in your report to creditors, insurers, employers, and other businesses that use it to evaluate your applications for credit, insurance, employment, or renting a home. The federal Fair Credit Reporting Act (FCRA) promotes the accuracy and privacy of information in the files of the nation's credit reporting companies.

Some financial advisors and consumer advocates suggest that you review your credit report periodically. Why?

- Because the information it contains affects whether you can get a loan — and how much you will have to pay to borrow money.

- To make sure the information is accurate, complete, and up-to-date before you apply for a loan for a major purchase like a house or car, buy insurance, or apply for a job.

- To help guard against identity theft. That's when someone uses your personal information — like your name, your Social Security number, or your credit card number — to commit fraud. Identity thieves may use your information to open a new credit card account in your name. Then, when they don't pay the bills, the delinquent account is reported on your credit report. Inaccurate information like that could affect your ability to get credit, insurance, or even a job.

**1**

## How to Order Your Free Report

An amendment to the FCRA requires each of the nationwide credit reporting companies — Equifax, Experian, and TransUnion — to provide you with a free copy of your credit report, at your request, once every 12 months.

The three nationwide credit reporting companies have set up one website, toll-free telephone number, and mailing address through which you can order your free annual report. To order, visit **annualcreditreport.com**, call 1-877-322-8228, or complete the Annual Credit Report Request Form at the center of this booklet and mail it to:

Annual Credit Report Request Service
P.O. Box 105281
Atlanta, GA 30348-5281

Do not contact the three nationwide credit reporting companies individually.

You may order your reports from each of the three nationwide credit reporting companies at the same time, or you can order from only one or two. The FCRA allows you to order one free copy from each of the nationwide credit reporting companies every 12 months.

You need to provide your name, address, Social Security number, and date of birth. If you have moved in the last two years, you may have to provide your previous address. To maintain the security of your file, each nationwide credit reporting company

**2**

Doc.126

## STATEMENT OF MATERIAL FACTS

**I.   Equifax Is a Consumer Reporting Agency.**

1.   Equifax is a consumer reporting agency ("CRA") as defined by the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x. (Declaration of Pamela Smith ("Smith Decl."), attached as Exhibit 1, ¶ 9).

2.   As such, it gathers information about consumers from various sources, including banks, collection agencies, and court records, which it uses to create credit files on more than 200 million consumers, including Mr. Hicks, in the United States. (*Id.* at ¶ 10).

3.   Equifax uses that information to prepare consumer reports, as that term is defined by the FCRA, for use by its subscribers in evaluating the potential credit risk of consumers, among other permissible purposes under the FCRA. (*Id.* at ¶ 11).

**II.   Mr. Hicks' June 25, 2015 Online Consumer Disclosure Request**

4.   On June 25, 2015, Mr. Hicks requested an online copy of his Equifax consumer disclosure. (*Id.* at ¶ 12). He states that Equifax asked the following three security questions:

      a.   "Who holds your home mortgage, opened in 2013?"

      b.   "What is the amount of your monthly mortgage payment?", and

      c.   "Who holds your retail credit card opened in 2009?"

(*Id.*).

5.   Mr. Hicks' Equifax credit file history reveals that he did not have a home mortgage, other loan, or open credit card in June 2015. (*Id.* at ¶ 13).

6.   When a consumer makes an online request for an Equifax consumer disclosure, Equifax generally asks the consumer to answer security questions to which only the consumer might be expected to know the answer to verify that the person seeking the consumer disclosure is the consumer that is the subject of the credit file (*Id.* at ¶ 14).

2

*DocumenT 126*

7.      Typically, Equifax asks security questions concerning accounts opened by the consumer. (*Id.*).

8.      When a consumer, like Mr. Hicks, has no open accounts Equifax generally asks security questions about non-existing accounts. (*Id.* at ¶ 15).

9.      When asking questions about non-existing accounts, Equifax always offers an answer option for the consumer to select such as "not applicable" or "none of the above" along with other potential responses. (*Id.*).

10.     Mr. Hicks would have been able to obtain his Equifax consumer disclosure on June 25, 2015, if he had answered the security questions correctly. (*Id.* at ¶ 16).

## III.    Mr. Hicks' July 1, 2015 Mail Consumer Disclosure Request

11.     On July 1, 2015, Mr. Hicks sent a letter to Equifax requesting his consumer disclosure. (D.N. 66-3; Smith Decl. at ¶ 17).

12.     The information he provided as proof of his identity did not match the information Equifax had on his credit file. (D.N. 66-3; Smith Decl. at ¶ 18). Specifically, the address he provided did not match the address maintained in his Equifax credit file. (*Id.*).

13.     On July 11, 2015, Equifax responded to his July 1, 2015 letter, and Equifax requested two different forms of identification:

> Because the information you provided as proof of your identity does not match the information we currently have on your credit file, we ask that you **send us a copy of two different items - one from each of the two categories listed below.** One item will verify your identity and the other will verify your current address.

| Category 1) IDENTIFICATION | Category 2) CURRENT ADDRESS |
|---|---|
| *Please make a copy of one of the following items. The item you choose MUST contain your complete 9-digit Social Security number.* | *Please make a copy of one of the following items. The item you choose MUST contain your current mailing address of PO Box 66, Fisherville KY 40023-0066* |
| * Pay stub with complete U.S. Social Security number | * Driver's license<br>* Rental/lease agreement or house deed<br>* Pay stub with address |

DOCUMENT
130

**B.    Mr. Hicks' July 20, 2015 Letter (Exhibit C, D.N. 66-5)**

With his July 20, 2015 letter, Mr. Hicks submitted a copy of his social security card, a copy

of his driver's license, and a copy of a purported Premium Notice from Kentucky Farm Bureau

Mutual Insurance Company ("Premium Notice"). (Exhibit C, D.N. 66-5 at 2-3). As set forth above

in Section II.A.1, the copy of the social security card could only verify his identification; it could

not verify the current address maintained in his Equifax credit file. (*See id.*). And again, although

the driver's license was an acceptable document listed in Category 2, and it was a second "different

item"; however, it did not verify the current address maintained in his Equifax credit file: P.O. Box

66, Fisherville, KY 40023. Finally, the Premium Notice verified the current P.O. Box 66 address

maintained in his Equifax credit file; however, the Premium Notice, an automobile insurance bill,

was not among the acceptable documents listed in Category 2 to verify an address. Again, Mr.

Hicks failed to offer evidence that he submitted a second "different item," that was an acceptable

document listed in Category 2, that verified the current address maintained on his Equifax credit

file of P.O. Box 66, Fisherville, KY 40023. Accordingly, Equifax is entitled to summary judgment

on his claims concerning his July 20, 2015 mail attempt to obtain his consumer disclosure.

**III.    Mr. Hicks Failed to Request His Current Consumer Disclosure in 2017.**

In 2017, Mr. Hicks communicated with Equifax on two occasions. (D.N. 66 ¶¶ 8-9;

D.N. 66-15; D.N. 66-18). Those two communications occurred in May 2017 (D.N. 66 ¶ 8; Exhibit

Q, D.N. 66-15) and on July 7, 2017 (D.N. 66 ¶ 9; Exhibit U, D.N. 66-18). In both of his letters to

Equifax, Mr. Hicks requested a copy of his February 19, 2017 consumer credit report, not a copy

of his current consumer disclosure as of the date of the letter:

> This request is for the credit report as it was on Feb. 19th, 2017, which was the only
> time it was authorized by me to be sent to Cabelas World 's Foremost Bank.

(Exhibit Q, D.N. 66-15 at 1).

Ms. Deborah S. Hunt, Clerk

Sixth Circuit Court of Appeals

# RECEIVED

NOV 0 2 2020

Good day,   DEBORAH S. HUNT, Clerk

  Please enter my application for waiver of fees, and if successful and case in allowed for entry into Appeals Court, please notify me by mail, and I will send a copy of Appeal to defense counsel and to the Western District with Certificate of Service.

I did not see reason to mail those copies until I here word from the Court, and the case is allowed to proceed.

Thank you,

Joseph Hicks, Plaintiff pro se/ Appellant

P.O. Box 66, Fisherville, Ky.  40023

(502)759-5265







